## Carter Appeal.

Argued March 22, 1960.  Before JONES, C. J., MUS-MANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Philip P. Kalodner*, for appellant.

*Charles L. Ford*, for appellee.

OPINION BY MR. JUSTICE COHEN, March 31, 1960:

This is an appeal from the order of the Dauphin County Court sitting in a Commonwealth matter which set aside the nomination petition of Louis J. Carter as a candidate for the Democratic Party nomination for the office of Representative in the General Assembly. Lawrence W. Roney, also a candidate for the same nomination for the office of Representative from the First District of Montgomery County, filed his petition with the Court of Common Pleas of Dauphin County to strike the nomination petition of Carter because the said petition did not contain the required one hundred signatures.

The lower court properly determined that of the one hundred and one signatures affixed to Carter's nomination petition, four of the signatures were affixed both to the nomination petition of the respondent (Carter), and to the petition of the other candidate for the same nomination (petitioner Roney), who had also filed his petition with the Secretary of the Commonwealth (there being only one candidate to be elected in this district).

All parties agree that since the four signatures were affixed to the Carter petition after the signers had already signed the Roney petition, those four signatures cannot be counted on the Carter petition. Act of June 3, 1937, P. L. 1333, Art. IX, §977, as amended by the Act of May 21, 1943, P. L. 353, §1, 25 PS §2937.

Since the elimination of the four signatures from the Carter petition reduces the number of signatures on his petition below the number statutorily required, the filing of the Carter petition in the Office of the Secretary of the Commonwealth must be set aside unless some reason can be shown why the Act of Assembly should not be applied.

Respondent Carter attempted to meet this burden by asking the lower court to require the Election Bureau of the Secretary of the Commonwealth to accept *nunc pro tunc* an additional sheet of a nomination petition containing twenty-six signatures, which sheet was allegedly circulated prior to the last date permitted for filing. In support of his request, Carter produced testimony that the failure to have the additional petition timely filed was due solely to misrepresentations made by opponents of Carter's candidacy as part of a calculated design and effort on their behalf to impede and prevent the timely filing of his nomination petition.

Respondent's allegations and contentions in no way attribute his failure to file the additional sheet within the statutory period to any representation or misrepresentation by the Secretary of the Commonwealth, or by any employee or personnel of the Bureau of Elections where the nomination petitions would have been filed. Under these circumstances, Section 913(d) of the Election Code, 25 PS §2873(d), as amended, which requires: "All nomination petitions shall be filed at least sixty-four (64) days prior to the primary" must be strictly applied. To permit a filing after the statutory period has expired would disrupt election proceedings by introducing matters of collateral concern over which the Commonwealth had neither control nor supervision, and would destroy the certainty that the Election Code seeks to assure.

It is conceded that the last day for filing was February 23, 1960, and that the signature sheet in question was never filed nor offered for filing prior thereto. Hence, the lower court's order setting aside the nomination petition of Louis J. Carter for the Democratic Party nomination for Representative in the General Assembly must be affirmed.

Order affirmed.