In the Matter of: Nomination Petition of William D. Hall.

Heard February 27, 1976, by Judge BLATT.

*Eugene Kelly,* with him *William R. Balaban,* and *Thomas R. Balaban,* for petitioners.

*R. J. Woodside,* with him *Shearer, Mette & Woodside,* for respondent.

MEMORANDUM OPINION AND ORDER BY JUDGE BLATT, March 12, 1976:

Eugene Kelly, a candidate for the Democratic nomination for the office of State Senator in the General Assembly of the Commonwealth for the 23rd Senatorial District, has filed a Petition objecting to the Nomination Petitions of William D. Hall as a candidate for nomination to the same office in the Primary Election to be held on April 27, 1976. Pursuant to Section 901 et seq. of The Election Code,[1] 25 P.S. §2861 et seq., Hall filed six nomination petitions containing 380 signatures with the Bureau of Elections in the office of the Secretary of the Commonwealth. Kelly has raised 338[2] objections to signatures on the Hall petitions, in some cases objecting for more than

[1] Act of June 3, 1937, P.L. 1333, *as amended.*

[2] Kelly states that there are 339 objections, however, we can count only 338.

one reason to certain signatures, and, if those objections were sustained the number of valid signatures filed by Hall would be reduced to a number less than the 200 minimum required to gain a position on the primary ballot. A hearing was held, therefore, on February 27, 1976 to consider these objections.

It was agreed at the hearing that the photocopies of the challenged nomination petitions submitted by Kelly were accurate reproductions of the originals on file with the Secretary of the Commonwealth. Referring to these copies, Kelly specifically objected that 204 of the signatures appearing on the nomination petitions were not those of the qualified electors that they purportedly represent; that 26 signatures have listed addresses different from those found on the official voter registration cards; that one of the nomination petitions containing 47 signatures was circulated by an individual who was not qualified to do so; that 15 signatures do not represent registered Democratic voters on the date of the signature; that 6 signatures have used ditto marks to indicate required information; that one signature is duplicated on another nomination petition; that 14 signatures have listed occupations different from those found on the official voter registration cards; and that one of the nomination petitions containing 25 signatures was filed after the closing date for the filing of such petitions.

Appearing as witnesses were representatives of the local Bureaus of Elections from Clinton and Tioga Counties wherein the above petitions were circulated, a representative of the Bureau of Elections in the office of the Secretary of the Commonwealth, and Mr. Hall, the candidate whose nomination petitions were being challenged. The local Election Bureau representatives presented original voter registration cards to the Court to help the Court resolve the objections,

and the parties themselves further aided the Court by resolving some of the objections by stipulation.

Having now considered the stipulations and having examined the original registration cards, the corresponding signature lines which were subjected to objection and the amended signatures submitted with the Court's permission, we find as follows:

(1) By stipulation, the parties have agreed to strike, and the following signatures will be stricken as invalid:

| Petition No. 1 | | Petition No. 2 | | Petition No. 3 |
| --- | --- | --- | --- | --- |
| Line | 25 | Line | 28 | All 47 |
| | 48 | | 39 | signatures |
| | 58 | | 51 | |
| | 85 | | 95 | |
| | 92 | | | |

| Petition No. 4 | | Petition No. 5 | |
| --- | --- | --- | --- |
| Line | 38 | Line | 8 |
| | | | 17 |

(2) By the Court's examination, the following signatures do not conform with the signatures and information on the registration cards and will be stricken as invalid:

| Petition No. 1 | | Petition No. 2 Cont'd. | | | |
| --- | --- | --- | --- | --- | --- |
| Line | 8 | Line | 32 | Line | 77 |
| | 27 | | 35 | | 81 |
| | 30 | | 36 | | 82 |
| | 55 | | 41 | | 83 |
| | 68 | | 42 | | 84 |
| | 71 | | 43 | | 85 |
| | 74 | | 44 | | 86 |
| | 86 | | 45 | | 87 |

| | | |
|---|---|---|
| 87 | 46 | 88 |
| | 53 | 92 |
| | 54 | 93 |
| *Petition No. 2* | 55 | 97 |
| | 56 | 98 |
| Line 5 | 57 | 100 |
| 6 | 59 | 101 |
| 10 | 61 | 102 |
| 15 | 62 | 105 |
| 17 | 63 | 108 |
| 18 | 64 | |
| 20 | 65 | |
| 22 | 66 | |
| 23 | 68 | |
| 24 | 69 | |
| 25 | 71 | |
| 29 | 72 | |

| *Petition No. 4* | *Petition No. 4 Cont'd.* | *Petition No. 5* |
|---|---|---|
| Line 13 | Line 49 | Line 15 |
| 25 | 50 | |
| 28 | 64 | |
| 40 | 66 | |
| 48 | 67 | |

(3) By the Court's examination, the signature found on line 10 of Petition Number 4 is a duplicate of that found on line 25 of Petition Number 1. The signature on line 10 of Petition Number 4 is, therefore, stricken, as invalid.

(4) By the Court's examination, the signature found on line 13 of Petition Number 4 was made by the same person signing line 14 of Petition Number 4. The signature on line 13 is, therefore, stricken, as invalid.

(5) By the Court's examination, the following signatures do not conform with the signatures and infor-

mation on the original voter registration cards, but, upon allowance by the Court, corrective amendments were submitted and, after our review thereof, the following signatures are held valid as amended:

| Petition No. 1 | | Petition No. 1 Cont'd. | | Petition No. 2 | |
|---|---|---|---|---|---|
| Line | 1 | Line | 51 | Line | 12 |
| | 18 | | 56 | | 27 |
| | 26 | | 57 | | 40 |
| | 32 | | 61 | | 74 |
| | 38 | | 62 | | |
| | 39 | | 82 | | |
| | 45 | | 91 | | |
| | 50 | | | | |

| Petition No. 4 | | Petition No. 4 Cont'd. | | Petition No. 5 | |
|---|---|---|---|---|---|
| Line | 17 | Line | 44 | Line | 13 |
| | 20 | | 45 | | 18 |
| | 29 | | 59 | | 19 |
| | 30 | | 60 | | 21 |
| | 31 | | 62 | | 28 |
| | 37 | | 68 | | |
| | 39 | | 69 | | |
| | 41 | | 71 | | |

And, finally, having considered the oral arguments and briefs filed regarding the objections to the unnumbered petition containing 25 signatures, and upon consideration of the testimony of the candidate William D. Hall and the representative of the Bureau of Elections from the Secretary of the Commonwealth, the Court concludes (a) that the candidate presented a petition, which was validly circulated and contained valid signatures, to the Bureau of Elections on February 17, 1976 along with the five other numbered pe-

titions here under consideration; (b) that both Hall and the Bureau realized that Petition Number 3 was circulated by an unqualified individual and was to be returned to Hall; (c) that the Bureau inadvertently returned the unnumbered petition here in question to Hall rather than Petition Number 3; and (d) that, immediately upon realizing the error, Hall mailed the unnumbered petition back to the Bureau of Elections and it was marked as received on February 23, 1976, six days after the last day for filing on February 17, 1976. Generally speaking, of course, a nomination petition not timely filed is invalid and must, therefore, be set aside. In this case, however, the petition in question was presented for filing within the deadline established by the Election Code but was not properly filed due to an error by the Election Bureau and not by the candidate himself. Keeping in mind that the Election Code must be liberally construed so as not to deprive an individual of his right to run for office or the voters their right to elect a candidate of their choice, *Ross Appeal,* 411 Pa. 45, 190 A.2d 719 (1963), the Court believes this is a proper case where the unnumbered petition of William D. Hall should be considered properly filed nunc pro tunc. *See Carter Appeal,* 398 Pa. 548, 159 A.2d 691 (1960); *Geyer v. Ausherman,* 32 Pa. D. & C. 2d 405 (1963); *Lewis' Petition,* 57 Pa. D. & C. 53 (1939). This petition is, therefore, held valid, as are the 25 signatures it contains.

The parties have stipulated that 32 signatures[3] originally contested should be considered as valid,

| Petition No. 1 | | Petition No. 1 Cont'd. | | Petition No. 2 | |
|---|---|---|---|---|---|
| Line | 34 | Line | 66 | Line | 1 |
| | 44 | | 80 | | 70 |
| | 64 | | 81 | | 90 |
| | 65 | | | | 99 |

and our examination of the remaining contested signatures persuades us that these, too, should be considered valid and that only the 136 signatures noted above as invalid should be removed. This leaves a total of 244 valid signatures in the nomination petitions, or 44 more than the minimum required.

We, therefore, issue the following

ORDER

AND Now, this 12th day of March, 1976, the petition of Eugene Kelly to set aside the nomination petition of William D. Hall is hereby dismissed. The Secretary of the Commonwealth is directed to certify the name of William D. Hall to the proper officials for inclusion on the ballot of the Democratic Party at the Primary Election on April 27, 1976, as a candidate for the office of State Senator in the General Assembly of the Commonwealth of Pennsylvania for the 23rd Senatorial District.

The Prothonotary is directed to notify forthwith the parties hereto and their counsel of this order, and also to certify a copy thereof to the Secretary of the Commonwealth of Pennsylvania.

| Petition No. 4 | | Petition No. 4 Cont'd. | | Petition No. 5 | |
|---|---|---|---|---|---|
| Line | 5 | Line | 57 | Line | 1 |
| | 6 | | 58 | | 2 |
| | 15 | | 75 | | 5 |
| | 23 | | 76 | | 6 |
| | 24 | | 77 | | 10 |
| | 47 | | | | 16 |
| | 55 | | | | 20 |
| | 56 | | | | 30 |