386 A.2d 533

**Andre Lavon JACKSON, Appellant,**

**v.**

**Barton A. FIELDS, Secretary of the Commonwealth of Pennsylvania and Louis Mete, Commissioner of Elections, Appellees.**

Supreme Court of Pennsylvania.

Argued April 20, 1978.

Decided May 5, 1978.

248

Andre Lavon Jackson, I.P.P., Stanford A. Hines, Philadelphia, for appellant.

Barton A. Fields, Louis Mete, Wilbur S. Metcalf, Michael T. McCarthy, Asst. Atty. Gen., for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM.

On March 7, 1978, the last day for filing nomination petitions for the 1978 primary election, appellant submitted to the Secretary of the Commonwealth a petition entitled "Nomination Petition for the Office of Representative in Congress" containing 237 signatures. The petition appeared to be in order except that in the body of the introduction to the petition, appellant erroneously stated that the petition

was for the "189th" congressional district rather than for the "1st" congressional district.[1]

On March 10, 1978, appellant received a letter from the Commissioner of Elections stating that said petition was rejected because the petition, by erroneously stating that it was for the "189th" congressional district rather than the "1st" congressional district, contained a "material error".[2] The letter advised appellant he could file a mandamus action in Commonwealth Court. Accompanying the letter was the petition which appellant had earlier submitted to the Secretary of the Commonwealth.

Appellant attempted to secure judicial relief from a Philadelphia Municipal Court judge wherein the judge drew two lines through the numerals "189th" as they appeared on the petition and inserted in print the word "First". Appellant attempted to file the corrected petition with the Secretary of the Commonwealth; however, the petition was again rejected.

Appellant then filed a complaint in mandamus in Commonwealth Court, seeking an order from said court directing the Secretary of the Commonwealth to accept his nomination petition as if timely filed and to place his name on the ballot in the 1978 primary election as a candidate for the Democratic nomination for representative to the United States Congress from the first congressional district. Commonwealth Court dismissed appellant's complaint. Appellant now appeals that dismissal.

We hold appellant's error of placing "189th" instead of "1st" on his nomination petition was not a "material error". The signers of appellant's petition could not have been misled by said error into thinking that appellant was run-

1. The "1st" congressional district includes within its boundaries the "189th" state assembly district. There is no "189th" congressional district.

2. The Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, art. IX, § 976, as amended, 25 P.S. 2936 (1977–78 Supp.) provides that "no nomination petition . . . shall be permitted to be filed if—(a) it contains material errors or defects apparent on the face thereof . . . ."

ning for a seat in the state assembly rather than for a seat in the United States Congress since the petition consistently referred to "Congress" in bold print—never did the words "assembly" or "legislature" appear on the petition. Since appellant's error was not "material", the Secretary of the Commonwealth should have accepted appellant's nomination petition.

The order of the Commonwealth Court is reversed and the Secretary of the Commonwealth is ordered to accept appellant's nomination petition as if it was timely filed.

POMEROY, J., filed a concurring opinion.

ROBERTS, J., concurs in the result.

EAGEN, C. J., and O'BRIEN and NIX, J., dissent.

MANDERINO, J., concurs in the result.

POMEROY, Justice, concurring.

I do not join in the Court's opinion, for to me it is clear that the erroneous designation of the congressional district in which appellant sought to run was a "material error" within the meaning of Section 976 of the Election Code, Act of June 3, 1937, P.L. 1333, art. IX, *as amended,* 25 P.S. § 2936 (Supp.1977–78), thus requiring the Secretary of the Commonwealth to reject the petition.

I concur in the result, however, because in my view the Commonwealth Court had the power to permit the petition to be amended and to direct that it be accepted as if timely filed. On this record I believe that the Commonwealth Court should have exercised its discretion in favor of so ordering. See *Petition of Ross,* 411 Pa. 45, 48, 190 A.2d 719 (1963); *Carter Appeal,* 398 Pa. 548, 550, 159 A.2d 691 (1960). *Cf.* Section 977 of the Election Code, *supra,* 25 P.S. § 2937, which authorizes a court to permit amendments correcting "material errors or defects apparent on the face of the nomination petition or paper" which are objected to by third parties.