In Re: Nomination Certificate of the Luzerne County Democratic Executive Committee Filed September 10, 1981, Nominating Michael J. Butera as Wyoming Area School Director Candidate. Walter Placek, Appellant.

Argued October 21, 1981, before President Judge CRUMLISH and Judges WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*James F. Geddes, Jr., Silverblatt & Townend,* for appellant.

*Michael I. Butera,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., October 28, 1981:
On September 10, 1981 Michael I. Butera was nominated by the Democratic Executive Committee of Luzerne County as that party's candidate for Wyoming Area School Director.[1] Appellant Walter Placek filed, on September 17, 1981 a petition to void and vacate Mr. Butera's nomination certificate. Following a hearing held before a panel of judges from the Court of Common Pleas of Luzerne County, the petition was dismissed by order dated September 24, 1981.

The record reveals that both a Michael J. Butera and a Michael I. Butera resided as registered electors within the Wyoming Area School District. The name indicated on appellant's petition was Michael J. Butera, rather than Michael I. Butera. Michael I. Butera, however, was served with appellant's petition and appeared before the lower court in response thereto.

In his petition, appellant objected to the nomination certificate on the grounds that the same did not comply with Section 994 of the Pennsylvania Election

---

[1] We note that appellant's statement of the case, as contained in his brief, recites that "the Luzerne County Democratic Committee nominated Michael J. Butera to be the Democratic Candidate at the Municipal Election of 1981 for the vacancy on the Wyoming Area School Board. . . ." Appellee, Michael I. Butera, adopted appellant's statement of the case. In addition, the lower court, in its Memorandum accompanying the order dismissing the petition, states that Michael J. Butera was the nominated candidate. At oral argument before us, however, both parties represented that Michael I. Butera was, in fact, the nominated candidate. Neither party argued that Michael J. Butera, rather than Michael I. Butera, had been nominated. In view of the fact that the correct identity of the candidate was not in dispute, appellant should have sought leave from the lower court to amend the name contained in his petition to "Michael I. Butera."

Code[2] in the following respects: a form prescribed by the Secretary of the Commonwealth was not utilized; the occupation of the candidate was not set forth; and no statement that a quorum of the Democratic Executive Committee had convened was contained therein. The court below dismissed the petition and denied the prayer for relief on the basis that, because the name indicated on the petition was Michael J. Butera, and because Michael J. Butera was not served, jurisdiction over the person of Michael J. Butera was lacking.

It is well-established in this Commonwealth that "[t]he Election Code must be liberally construed so as not to deprive an individual of his right to run for

---

[2] Act of June 3, 1937, P.L. 1333, *as amended*, added by Section 1 of the Act of August 26, 1953, P.L. 1479, 25 P.S. §2954. This section provides:

(a) Each political party shall be entitled to nominate and to file nomination certificates in accordance with the provisions of section nine hundred ninety-three of this act for the purpose of supplying as many candidates as each elector will be entitled to vote for at the ensuing November election. Every nomination certificate for a November election required under the provisions of section nine hundred ninety-three of this act shall be in the form prescribed by the Secretary of the Commonwealth and shall set forth the following:

(1) The office and district, if any, for which it is filed;

(2) The cause of the vacancy;

(3) The rule or rules of the political party setting forth the provisions applicable to the nomination of a candidate or candidates to fill said vacancy;

(4) That a quorum of the committee, caucus or convention as provided by the party rules duly convened and the names of those present at said meeting or their proxies that said persons are the duly appointed or elected members of said committee, caucus or convention;

(5) The name, residence and occupation of the candidate duly nominated at said meeting.

(b) Every such certificate of nomination shall be signed by the presiding officer and the secretary or secretaries of the committees, caucus or convention and shall be sworn or affirmed to by them before any officer qualified to administer oaths.

office, or the voters of their right to elect a candidate of their choice." *Ross Nomination Petition*, 411 Pa. 45, 48, 190 A.2d 719, 720 (1963). *See also, Hall Nomination Petition*, 26 Pa. Commonwealth Ct. 54, 362 A.2d 475 (1976). In view of this policy, it is clear that the lower court erroneously found *in personam* jurisdiction to be lacking. The defect in appellant's petition was so technical that the same should not have been dismissed on the basis that jurisdiction over the person of Michael J. Butera had not been obtained.

Nonetheless, upon consideration of the briefs and arguments of counsel, we find, in light of the policy favoring liberal construction of the Election Code, that appellant's objections to Michael I. Butera's nomination certificate are merely technical and devoid of merit. In this connection, we note that pursuant to Section 977 of the Code,[3] the defects appearing on the face of the nomination certificate could have been corrected by amendment.

For the reasons set forth above, we affirm the decision of the lower court.[4]

---

[3] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2937. This section provides in pertinent part:

> If the court shall find that said nomination petition or paper is defective under the provisions of section 976, or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, or was not filed by persons entitled to file the same, it shall set aside. If the objections relate to material errors or defects apparent on the face of the nomination petition or paper, or on the face of the accompanying or appended affidavits, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as to payment of costs, as the said court may specify.

[4] A correct decision will be sustained if it can be sustained for any reason whatsoever; we will not reverse in such a case even though the reason given by the court below to sustain its decision was erroneous. *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955).

ORDER

AND Now, this 28th day of October, 1981, the order of the Court of Common Pleas of Luzerne County dated September 24, 1981 is affirmed.