# In Re: Upper Providence Township

*Robert B. Surrick,* for petitioner.
*D. Barry Gibbons,* for the Township.
*Francis P. Connors,* for the Delaware County Election Board.

DIGGINS, *SR. J.*, March 15, 1984—Currently before this court is a petition filed on behalf of one James D. Allsman, seeking declaratory judgment. The petition requests the court to order a primary election for two council seats and further asks the court to order the Election Bureau to certify the nominating petitions of certain individuals.

The facts of this matter are not in dispute and can be summarized as follows:

1. On or about August, 1983, three members of the Upper Providence Township Council resigned from office.

2. On or about September, 1983, two of the three vacancies were filled by naming Anthony Potts, Jr. and William Norcross to serve as councilmen.

3. The third vacancy is not at question here.

4. Upper Providence is a Home Rule Charter community and pursuant to Section 3.06 of the Home Rule Charter, subsection (c), "Council members appointed by the Council may not continue to serve unless they stand for election for the unexpired term for which they were appointed. An appointee shall be required to stand for election at the next November Election which is held not less than ten months after the date of his appointment."

5. The November election scheduled for November 1984, is more than ten months after the filling of the vacancies.

Pursuant to the above facts, the petition was filed seeking a primary election to be ordered for the Spring of 1984.

Petitioner alleges that if no primary is held, the politicians and not the people of Upper Providence Township will decide the candidates. Petitioner cites 25 Pa.C.S.A. §2953(a) for the proposition that a primary must be held. However, a close reading of

this section allows for the political parties to choose the candidates according to party rules.

Likewise, the petitioner relies on In Re Nomination Certificate of Luzerne Cty., 62 Pa. Commw. 277, 436 A.2d 263 (1981) for the proposition that if there is time for a primary election, it must be held. However, we cannot read the case in such a broad light. We note that Luzerne Cts. supra, dealt with the election of a school board member in an odd numbered year. That is, the school board member was being elected in a municipal election. However, the case at bar involves a municipal election in an even numbered year.

While we have been unable to find any cases directly on point, the case of Meigs v. Tate, 27 D.&C. 2d, 633 (1967) is important in our analysis. In Meigs, supra, the court in determining whether a primary election must be held, said, "plaintiff's counsel speaks well of the democratic process and its historic preference for a voter's primary, the nominations of candidates for public office by the voters concerned with such office. We, too, may prefer this nomination method. But Mr. Meigs and his counsel must remember, and do know, that method and plan of nomination and election, subject to constitutional requirements, is in the legislature. Winston v. Move, 244 Pa. 447; Thompson v. Morrison, 352 Pa. 616, 623. And we may not go to the bottom of the legislative conscience, remove it and set ours in its place."

Likewise, the court is not free to replace the legislative conscience of the drafter of the Home Rule Charter. Had the drafters of the Home Rule Charter intended the councilman to stand for election in the primary, they would have so stated.

The Pennsylvania Election Code provides that the political parties may, under certain circumstances,

file the nominating petition of its candidates. We have not found any provision of the Election Code which requires that a municipal elected position, be decided by a primary in an even numbered year. Like the court in Meigs, supra, while we may favor the primary method, we can not replace the legislative conscience with our own.

Accordingly, for all the above reasons, we enter the following

## ORDER

And now, this March 15, 1984, after hearing testimony and reviewing briefs of respective counsel, the following is ordered and decreed:

1. The prayer of the petitioner requesting this court to declare the seats of William Norcross and Anthony Potts, Jr., subject to a primary election, is hereby denied.

2. The prayer of the petition requesting that the Election Bureau accept the Nominating Petition of William Norcross, Anthony Potts, Jr., James D. Allsman, Jr. and Norma Hepp, is hereby denied.