516 A.2d 786

In Re: Robert Castellani.

Heard March 26, 1986, by Judge CRAIG.

*Richard J. Gmerek, Tucker Arensberg, P.C.,* for petitioners.

*Thomas L. Wenger, Wix, Wenger & Weidner,* for respondent.

OPINION BY JUDGE CRAIG, March 27, 1986:

Three electors of Luzerne County have filed objections to the nomination papers of Robert Castellani to be a Republican candidate for State Senator in the twentieth senatorial district of the General Assembly of Pennsylvania. The objectors averred that the electors who signed those nomination petitions are residents of the twenty-second senatorial district, not residents of the twentieth district. The candidate filed an answer, admitting the averments as to the residence of the signers and also admitting that the nomination petitions and affidavit designate the candidacy as for the twenti-

eth senatorial district; however, the candidate denies any candidacy for such district and avers that the candidacy sought is for the twenty-second senatorial district, with the wrong district allegedly being entered on every page by inadvertence. Pursuant to averments under new matter, the answer requests the court to allow an amendment of the nominating petitions and candidate's affidavits to correct the district designation to read "Twenty-Second Senatorial District," and to order the Secretary of the Commonwealth to accept the nominating petitions for a Republican candidacy for the office of State Senator, Twenty-Second District of Pennsylvania.

Pursuant to hearing, the record established that the nominating petitions consist of 25 two-sided pages, all filled in with respect to a candidacy for state senator in the twentieth district. There is no issue as to the adequacy of the total number of signatures, nor has any evidence been presented as to the validity of any particular signature. The Secretary of Commonwealth received the petitions for what they purport on their face, as declaring a candidacy with respect to the twentieth senatorial district.

According to the evidence, the twentieth senatorial district embraces part of Luzerne County and various other counties, but does not include any part of Lackawanna County. The twenty-second senatorial district includes all of Lackawanna County and part of Monroe County but does not include any part of Luzerne County. All of the nomination petition pages declare Lackawanna County as the county of residence of the petition signers. The evidence further showed that, according to the address of the signers, all, or at least a sufficient number, of the signers reside in Lackawanna County and therefore within the twenty-second senatorial district.

According to 17 affidavits submitted into evidence without objection, the respective circulators of the nomination petitions each represented to all the signers that the candidate sought election to the State Senate from Lackawanna County and/or the twenty-second senatorial district. The affidavits further represent that the signers understood or appeared to understand that they were signing a nomination petition with respect to a Republican senatorial candidate for Lackawanna County in the twenty-second district.

Therefore, the sole issue is whether nomination petitions circulated and signed by residents of the twenty-second senatorial district on behalf of a candidate who resides in that district and who intended to pursue a candidacy for it, but which declare on their face that they are for the twentieth senatorial district, can be amended to show the correct district designation, so as to be filed accordingly by the Secretary of the Commonwealth.

The issue is settled by a decision of the Pennsylvania Supreme Court in *Jackson v. Fields,* 478 Pa. 247, 386 A.2d 533 (1978), in which the Supreme Court reversed this court and ordered the Secretary of the Commonwealth to accept a nomination petition as for the first congressional district where the petition was in order for the purpose of a candidacy in that district, with the exception that the petition was mislabeled as being for a candidacy for Congress in the "189th" congressional district. The Supreme Court held that the error was not a material one. The opinion of the Supreme Court does not discuss whether the voters may have been misled with respect to which congressional district was involved. The opinion only concludes that signers could not have been misled into thinking that the candidacy was for General Assembly rather than for Congress; that concern appears to have been based upon the fact that the first congressional district included the 189th legis-

lative district within its boundaries, there being no 189th congressional district.

Nevertheless the Supreme Court's decision constitutes a square holding that nomination petitions shall be treated as lawful for the district intended, rather than for the district designated on their face, if they are otherwise in order with respect to the designation of the office and residence of the candidate and of the signers, and if the signers have not been misinformed or misled.

Therefore, this court will sustain the objections to these nomination petitions with respect to any candidacy in the twentieth senatorial district and further grant the relief requested by the candidate, directing the Secretary of the Commonwealth to accept and refile these nomination petitions as for a Republican candidacy for State Senator in the Twenty-Second Senatorial District, redesignating them as such. An appropriate extension for filing objections with respect to a Twenty-Second Senatorial District candidacy will be allowed.

## ORDER

Now, March 27, 1986, objections to the nomination petition of Robert Castellani, 208 Josephine Street, Peckville, PA are sustained with respect to the filing of the same for a Republican candidacy for State Senator from the Twentieth Senatorial District, and IT IS ORDERED that same nomination petition shall be treated as amended to designate it as for a Republican candidacy for State Senator from the Twenty-Second Senatorial District, and the Secretary of the Commonwealth is directed to refile and designate such nomination petitions as for a Republican candidacy for State Senator from the Twenty-Second Senatorial District. It is further ordered that the time for filing objections to such nomination petition for the Twenty-Second Senatorial District is hereby extended for a period of seven days, commencing Monday, March 31, 1986.