516 A.2d 788

In Re: Nomination Petition of Reginald B. Snyder.

Heard March 26, 1986, by Judge CRAIG.

*John D. Killian, Killian & Gephart,* for petitioner.

*Reginald B. Snyder,* for himself, respondent.

OPINION BY JUDGE CRAIG, March 27, 1986:

The objections of Benjamin H. Wilson to the nomination petition of Reginald B. Snyder, seeking a Republican candidacy for the office of Representative of the General Assembly for the 144th Legislative District, has been considered at an evidentiary hearing.

With 300 valid signatures being required, examination of the original nomination petition showed a total of 357 purported signers.

The objector directed attention to number of alleged defects, which were considered pursuant to testimony and exhibits. The candidate, who appeared without counsel and represented himself pro se, moved for an opportunity to provide evidence sufficient to support the amendment of those defects which are amendable.

### Defects Corrected by Amendment

Pursuant to evidence received, the court authorized amendment of the nomination petition pages to correct the following defects and omissions with respect to entire pages, all of which were apparent on their face:

Pages lacking year of primary (1986)—2, 4, 5, 6, 7, 9.

Page lacking occupation of candidate (builder)—2.

Pages with circulators' affidavits lacking county name (Bucks County)—1, 2, 8.

Another defect on p. 4 was that the designation of legislative district was left blank not having been filled in with "144th", as was done on the other pages to designate the district of the candidacy. That defect will be considered below.

### Defective Signatures Not Amended or Unamendable

The evidence showed ten signatures invalidated by unamendable defects. The positions of those 10 signatures, with the first number of each pair indicating the page and the second number indicating the line, are as follows:

*Crossed Out:*

5-15

*Same signer as preceding entry:*
3-8
4-14
4-45
7-15
*Not registered:*
2-1
8-21
*No Address:*
4-33
4-35
6-3

The hearing also confirmed that fifteen signatures were invalidated by amendable defects, as to which no sufficient evidence was presented for their correction:

*Municipality not entered:*
4-35
*Occupation not entered:*

| | |
|------|------|
| 2-21 | 3-42 |
| 2-31 | 4-4  |
| 2-34 | 4-34 |
| 3-26 | 6-2  |
| 3-36 | 6-9  |
| 3-37 | 6-14 |
| 3-38 |      |

*Date not entered:*
3-34

Thus, individually defective signatures totalled 25, which would reduce the gross total of 357 to 332, a number of signatures still sufficient to validate the petition, provided that the remaining 43 individually valid signatures on page 4 are not excluded en masse by reason of the absence of a legislative district designation in the heading of page 4.

168

*Absence of Legislative District Designation on Page 4*

Therefore, the sole remaining issue is whether a nomination petition page, defective on its face because of the absence of the designation of the legislative district of the candidacy, can be amended to show the correct district designation.

This question has been answered in favor of allowing an amendment, so as to validate the page, by a decision of the Pennsylvania Supreme Court in *Jackson v. Fields*, 478 Pa. 247, 386 A.2d 533 (1978), in which the Supreme Court reversed this court and ordered the Secretary of the Commonwealth to accept a nomination petition as for the first congressional district where the petition was in order for the purpose of a candidacy in that district, with the exception that the petition was mislabeled for the one hundred eighty-ninth (189th) congressional district.

The Supreme Court held that the error was not a material one. The opinion of the Supreme Court does not discuss whether the voters may have been misled with respect to which congressional district was involved. The opinion only concludes that signers could not have been misled into thinking that the candidacy was for General Assembly rather than for Congress; that concern appears to have been based upon the fact that the first congressional district included the 189th legislative district within its boundaries, there being no 189th congressional district.

Because the Supreme Court has deemed an *incorrect* district designation to be not a material error where the signers have not been misinformed, conclusion must be that the *absence* of a district designation on a page of the nomination petition is also not a material error, a fortiori, because a blank designation obviously tends less to mislead affirmatively than the representation of a wrong number. The decision in *Jackson*

constitutes a square holding that a nomination petition page may be treated as amended for the district intended, if otherwise in order with respect to the designation of the office and residence of the candidate and of the signers, and if the signers have not been misinformed or misled.

Here the candidate, as the circulator of the page in question, testified that he personally had informed every signer with whom he spoke directly, that he was a candidate for representative in the General Assembly for the 144th legislative district. He forthrightly acknowledged that he may not have spoken directly to the individual signer in a few instances where he talked to one signer at the door of a residence and that signer also obtained another signature from some person in the househould with whom the candidate did not speak directly. The candidate's testimony was credible. Because the petition page contains no misinformation as to the district of candidacy, no signer was affirmatively misled. Accordingly, in accordance with *Jackson,* the missing district designation on page 4 was not a material error, and amendment to include the proper number is allowed.

Accordingly, the number of valid signatures remains at 332, and the nomination petition is valid.

## ORDER

Now, March 27, 1986, the nomination petition of Reginald B. Snyder for a Republican candidacy for Representative in the General Assembly for the 144th District is deemed to contain a sufficient number of valid signatures, the objecting petition is dismissed, and the Secretary of the Commonwealth is directed to certify the candidacy of said candidate accordingly. The Chief Clerk shall notify forthwith the parties or their counsel of this order, and shall also certify a copy of this decision to the Secretary of the Commonwealth of Pennsylvania.