**In Re: Nomination Papers of Jack F. DUNMIRE as a Candidate for Armstrong County Commissioner**

**Richard Shreckengost and Timothy Mohney, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2007.
Decided Sept. 14, 2007.
Publication Ordered Jan. 9, 2008.

Charles A. Pascal, Jr., Leechburg, for appellants.

Jack F. Dunmire, appellee, pro se.

Albert H. Masland, Harrisburg, for Department of State.

OPINION BY Senior Judge QUIGLEY.

Richard Schreckengost and Timothy Mohney appeal from an order of the Court of Common Pleas of Armstrong County denying their petition to set aside the nomination papers of Jack F. Dunmire as a candidate of a political body for the office of Armstrong County Commissioner in the 2007 Municipal Election.

Pursuant to the statutory formula, candidates of political bodies are required to file a number of signatures equal to 2% of the total vote cast in the last county-wide election. The number of valid signatures in this case was stipulated to be 290. Dunmire filed petitions containing 416 signatures, of which 243 were not contested. The trial court sustained challenges to 106 signatures and overruled the remaining challenges, leaving Dunmire's papers with 310 signatures.

Appellant preserves two issues on appeal. The first, and, in our opinion, dispositive issue is whether two pages of the nomination papers containing 50 signatures must be invalidated for failure to name a committee to fill vacancies. The trial court concluded that since the remaining pages, including the "cover" page, contained this information, the objection was without merit. We disagree.

In the sole reported opinion on this issue, former President Judge Crumlish of this Court, sitting as a single judge, opined that "[The naming of a committee to fill vacancies] is not a mere technicality but is required by our Legislature as one indication that a candidate is backed by a political body and is mounting a serious candidacy, with the aim of representing a constituency's views in the [office]." *In re Nomination Papers of Gerald R. Carlson,* 60 Pa.Cmwlth. 170, 430 A.2d 1210 (1981)(single judge opinion by Crumlish, P.J.), *aff'd without opinion,* 494 Pa. 139, 430 A.2d 1155 (1981).

■ *Carlson,* as a published opinion of a single judges, is persuasive but not controlling authority. Additionally, a review of *Carlson* indicates that the papers were set aside due to a "totality of the circumstances," which included the fact that Carlson failed to prove residency in Pennsylvania, in itself a fatal defect. Hence, the value of *Carlson* is less than clear.

Rather, we find instructive a series of cases relating to the failure to list the proper district for the office and what may be required to amend that defect. In *In re Castellani,* 102 Pa.Cmwlth. 170, 516 A.2d 786 (1986) (single-judge opinion by Craig, J.), a candidate submitted nomination petitions as the Republican candidate for the 20th Senatorial District, while the signatures collected were all from electors in the 22nd Senatorial District, the office for which the candidate actually intended to run. Judge Craig accepted affidavits from the circulators explaining that the signers understood or appeared to understand that they were signing petitions for the 22nd Senatorial District. Judge Craig, accordingly, allowed the candidate to amend all of his petitions to correctly reflect that he was a candidate for the 22nd Senatorial District.

Similarly, in *In re Nomination Petition of Snyder,* 102 Pa.Cmwlth. 165, 516 A.2d 788 (1986)(single-judge opinion by Craig, J.), *petition for allowance of appeal denied sub nom. Snyder v. Wilson,* 518 Pa. 52,

540 A.2d 264 (1988), allowed amendment of one page of the petition that lacked the designation of the office, after testimony of the circulator that he had personally informed the signers of the correct district.

Here, we agree with *Carlson* that the requirement of a committee to fill vacancies is mandatory pursuant to the Election Code, and that such information must appear on every sheet of the petition at the time it is circulated. Nonetheless, in accord with *Castellani* and *Snyder,* such defect is subject to amendment if competent and credible evidence is offered to show that the signers were aware of what they were signing. Here, however, respondent offered no testimony in the hearing to amend the defect. Accordingly, we find that 50 additional signatures must be stricken.

Because we reverse the Court of Common Pleas on this ground, we do not reach appellant's second issue regarding the financial interest statement. In the event that such were necessary, however, we would agree with the trial court that this issue is controlled by the Commonwealth Court's decision in *Nominating Petition of Brady,* 923 A.2d 1206 (Pa.Cmwlth.2007), *petition for allowance of appeal denied,* 591 Pa. 738, 921 A.2d 498 (2007).

### ORDER

NOW, September 14, 2007, the Order of the Court of Common Pleas of Armstrong County is REVERSED. The Board of Elections of Armstrong County is hereby ORDERED to remove the name of Jack F. Dunmire from the ballot for the 2007 Municipal Election as a candidate for the office of County Commission of Armstrong County.