**Ronald M. GAZZE, Petitioner**

v.

**Pedro A. CORTES, Secretary of the Commonwealth of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Heard Aug. 25, 2008.

Decided Aug. 28, 2008.

Publication Ordered Nov. 5, 2008.

---

Ronald M. Gazze, petitioner, pro se.

Louis L. Boyle, Deputy Chief Counsel and Shauna C. Graves, Asst. Counsel, Harrisburg, for respondent.

OPINION BY Senior Judge QUIGLEY.

Petitioner Ronald Gazze, *pro se,* filed a complaint in mandamus, seeking an order directing Pedro A. Cortes, Secretary of the Commonwealth of Pennsylvania, to accept and approve for filing his nomination papers as a committed independent candidate for the office of Representative in the General Assembly for the 57th Legislative District. Petitioner alleges that he secured nomination papers with 520[1] signatures, and he attempted to file it on July 31, 2008. The Department of State (the Department) rejected the nomination papers, and the rejection notice listed the following reasons for the rejection: (1) insufficient number of signatures; (2) incomplete preamble; (3) invalid candidate's affidavit; and (4) no Committee to Fill Vacancies on any pages. Although the Department identified four reasons for the rejection of the nomination papers, Petitioner and the Department agree that the rejection was based upon Petitioner's failure to identify a Committee to Fill Vacancies on his nomination papers.

Petitioner argues that his failure to include a Committee to Fill Vacancies should not be considered to be a material error or defect when considered in conjunction with the other facts demonstrating his serious candidacy. Petitioner urges the Court to consider the totality of the circumstances and determine that the omission of a Committee to Fill Vacancies alone is not a sufficient reason to reject nomination papers. Alternatively, the omission constitutes an amendable error.

The Department argues that the omission of a Committee to Fill Vacancies is a fatal defect, and, as such, not amendable. In support of that position, the Department relies upon *In re Nomination Papers of Gerald R. Carlson,* 60 Pa.Cmwlth. 170, 430 A.2d 1210 (single-judge opinion by Crumlish, P.J.), *affirmed without opinion,* 494 Pa. 139, 430 A.2d 1155 (1981), and *In re Nomination Papers of Jack F. Dunmire,* 940 A.2d 538 (Pa.Cmwlth.2007) (single-judge opinion by Quigley, S.J.).

As published opinions of singles judges, the opinions are persuasive but not controlling authority.

In *Carlson,* the nomination papers were set aside after Judge Crumlish considered the "totality of the circumstances." *Carlson* involved two issues: (1) whether Carlson met the qualifications for a residence, and (2) whether the nomination papers should be set aside due to Carlson's failure to specify a committee on the nomination papers. As to the first issue, President Judge Crumlish concluded that Carlson had not established Pennsylvania residency. As to the second issue, Presi-

---

**1.** An independent needs 2% of the highest vote in the last preceding election in the district. Since this is a legislative district, the last preceding election was the 2006 General Election. According to the Department of State's website, the winner in that election was Thomas Tangretti with 14,118 votes. Two percent of that is 282.36, but the number of signatures required can never be less than the amount required for a party candidate. Section 951 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2911(b). The number of signers required for nomination petitions of candidates at primaries for the 57th Legislative District is 300. *See* Section 912.1 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* added by the Act of December 12, 1984, P.L. 968, *as amended,* 25 P.S. § 2872.1(14). Hence 300 signatures are required.

dent Judge Crumlish stated that the requirement to specify a committee of at least three persons as required by the Election Code "is not a mere technicality but is required by our Legislature as one indication that a candidate is backed by a political body and is mounting a serious candidacy, with the aim of representing a constituency's views in the Congress." *Carlson*, 430 A.2d at 1211–12. However, President Judge Crumlish set aside the nomination paper based on a "totality of the circumstances," which included the fact that Carlson failed to prove residency in Pennsylvania, which in and of itself, is a fatal defect. Hence, *Carlson* does not answer the question of whether failure to identify a Committee to Fill Vacancies alone is a fatal defect.

In *Dunmire*, the Court agreed with *Carlson* that the requirement of a Committee to Fill Vacancies is mandatory pursuant to the Pennsylvania Election Code,[2] and that such information must appear on every sheet at the time it is circulated. Nonetheless, the Court determined that such a defect is "subject to amendment if competent and credible evidence is offered to show that the signers were aware of what they were signing." *Dunmire*, 940 A.2d at 540. In reaching that determination, the Court relied on two other published, single-judge opinions by Judge Craig, *In re Castellani*, 102 Pa.Cmwlth. 170, 516 A.2d 786 (1986) (single-judge opinion by Craig, J.), and *In re Nomination Petition of Snyder*, 516 A.2d 788 (1986) (single-judge opinion by Craig, J.), *petition for allowance of appeal denied sub nom. Snyder v. Wilson*, 518 Pa. 52, 540 A.2d 264 (1988), which allowed amendment to reflect the proper legislative district.[3] Ultimately, the Court in *Dunmire* determined that the candidate offered no testimony in the hearing to amend the defect.

In the case at hand, we must conclude that the Department properly rejected Petitioner's nomination papers. At the hearing, Petitioner was unable to offer any competent and credible evidence to show that the signers were aware of any information regarding the membership of the Committee to Fill Vacancies. To the contrary, Petitioner admitted that no Committee to Fill Vacancies existed at the time he gathered the signatures, as he only learned of the requirement to name a Committee to Fill Vacancies when nomination papers were rejected. It was only after the papers were rejected that Petitioner selected individuals to comprise a Committee to Fill Vacancies.

Accordingly, we must dismiss Petitioner's complaint in mandamus.

### ORDER

AND NOW, this 28th day of August, 2008, following a hearing, Petitioner's complaint in mandamus is dismissed.

---

2. Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600–3554.

3. In *In re Castellani*, a candidate submitted nomination petitions as the Republican candidate for the 20th Senatorial District, while the signatures collected were all from electors in the 22nd Senatorial District, the office for which the candidate actually intended to run. Judge Craig accepted affidavits from the circulators explaining that the signers understood or appeared to understand that they were signing petitions for the 22nd Senatorial District. Judge Craig then allowed the candidate to amend all of his petitions to correctly reflect that he was a candidate for the 22nd Senatorial District. Similarly, in *In re Nomination Petition of Snyder*, Judge Craig allowed amendment of one page of the petition that lacked the designation of the office, after testimony of the circulator that he had personally informed the signers of the correct district.