**In re NOMINATION PAPERS OF Nevin MINDLIN FOR the OFFICE OF MAYOR OF HARRISBURG.**

**Appeal of: Nevin Mindlin.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2013.
Decided Oct. 4, 2013.
Publication Ordered Dec. 11, 2013.

Lawrence M. Otter, Doylestown, for appellant.

Ronald M. Katzman, Harrisburg, for appellee.

BEFORE: PELLEGRINI, President Judge, COVEY, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Nevin Mindlin (Candidate) appeals from the August 15, 2013, order of the Court of Common Pleas of Dauphin County (trial court) granting the petition (Objection Petition) of Donald Lee Coles (Objector) to set aside Candidate's nomination papers (Nomination Papers) for the Office of Mayor of the City of Harrisburg and striking

Candidate's name from the ballot. We affirm.

Candidate[1] filed his Nomination Papers with the Dauphin County Bureau of Elections and Voter Registration (Bureau) on April 11, 2013, April 26, 2013, May 10, 2013, and August 1, 2013. Candidate filed his Nomination Papers as an Independent. On August 8, 2013, Objector filed his Objection Petition, alleging that Candidate failed to identify a committee to fill vacancies in his Nomination Papers in violation of section 952 of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2912.[2] Objector alleged that this omission was a material defect requiring Candidate's name to be stricken from the ballot.

■ On August 12, 2013, the trial court held a hearing at which both parties presented evidence. The trial court determined that: (1) Candidate's Nomination Papers, which failed to identify a committee to fill vacancies as statutorily mandated, were defective; and (2) Candidate failed to present competent, credible evidence to cure the defect. Thus, the trial court granted the Objection Petition, set aside Candidate's Nomination Papers, and ordered Candidate's name stricken from the ballot. Candidate timely appealed to this court.[3]

■ First, Candidate argues that Objector failed to prove proper service of the Objection Petition on the Bureau and, thus, the trial court lacked jurisdiction over this matter. We disagree. Candidate never raised the defective service issue before the trial court, so it is waived. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Candidate asserts that the issue of subject matter jurisdiction cannot be waived; however, this court has recognized that defective service of an objection petition on the board of elections is a matter of personal jurisdiction that cannot be raised for the first time on appeal. *See Brumbach v. Weaver,* 105 Pa.Cmwlth. 526, 525 A.2d 15, 16 (1987). In any event, the record shows that Objector properly served his Objection Petition on the Bureau. (*See* Objector's Br., Ex. B.)

■ Next, Candidate argues that the trial court erred in granting the Objection Petition. Although Candidate concedes that his Nomination Papers failed to identify a committee to fill vacancies, he contends that he was not required to include that information because he is "running as an individual not connected to any political organization or political body." (Candidate's Br. at 8.)[4] Notably, Candidate cites

---

1. Candidate unsuccessfully ran as the Republican nominee for the Office of Mayor of the City of Harrisburg in 2009.

2. Section 952 of the Election Code provides that "*[a]ll* nomination papers *shall specify* ... the names and addresses of the committee, not to be less than three (3) nor more than five (5) persons, authorized to fill vacancies, if any shall occur." 25 P.S. § 2912 (emphases added).

3. In reviewing a trial court order regarding challenges to a nomination petition, our scope of review is whether the trial court's factual findings are supported by substantial evidence

or whether the trial court abused its discretion or committed an error of law. *In re Nomination Petition of Flaherty,* 564 Pa. 671, 678, 770 A.2d 327, 331 (2001).

4. At the hearing, Candidate testified that he is "running as an American citizen." (N.T., 8/12/13, at 10.) According to Candidate, the committee-to-fill-vacancies section of the Nomination Papers "seemed inapplicable" to him because he "didn't understand [him]self as a political body." (*Id.* at 23–24.) He further testified, "I had no intention of having me replaced because I was the candidate and it was only me." (*Id.* at 11.)

no legal authority to support his claim that the Election Code provisions regarding the contents of nomination papers do not apply to independent candidates.

Under the Election Code, individuals seeking to run as candidates of political parties must file "nomination petitions" and those seeking to run as candidates of political bodies must file "nomination papers." *See In re Stevenson*, 615 Pa. 50, 55 n. 1, 40 A.3d 1212, 1215 n. 1 (2012). Because Candidate is not running as a member of a political party, he is required to be nominated by a political body and to file nomination papers. Sections 801 and 951 of the Election Code, 25 P.S. §§ 2831 and 2911; *see Packrall v. Quail*, 411 Pa. 555, 556 n. 2, 192 A.2d 704, 705 n. 2 (1963). Section 801(c) of the Election Code, 25 P.S. § 2831(c), provides, "Any political body which is not a political party ... but which has nominated candidates for such general or municipal election by nomination papers in the manner provided by this act, shall be deemed to be a political body within the meaning of this act. . . ." Objector asserts that Candidate attempted to secure his nomination by a "political body" consisting of the 540 individuals who signed his Nomination Papers. We agree.

■ We conclude that Candidate's Nomination Papers, which fail to identify a committee to fill vacancies under section 952 of the Election Code, are defective. *See, e.g., Gazze v. Cortes*, 960 A.2d 176, 178 (Pa.Cmwlth.2008); *In re Nomination Papers of Dunmire*, 940 A.2d 538, 540 (Pa. Cmwlth.2007); *In re Carlson*, 60 Pa. Cmwlth. 170, 430 A.2d 1210, 1211–12, *aff'd*, 494 Pa. 139, 430 A.2d 1155 (1981). The committee-to-fill-vacancies requirement "is not a mere technicality but is required by our Legislature as one indication that a candidate is backed by a political body and is mounting a serious candidacy." *Carlson*, 430 A.2d at 1211. Candidate argues that these cases lack precedential value because they are single-judge opinions. While it is true that single-judge opinions are not binding precedent, we find the reasoning of *Gazze, Dunmire,* and *Carlson* persuasive.[5] Each of these cases applied the plain language of section 952 of the Election Code, which states that *all* nomination papers *shall* identify a committee to fill vacancies.

Moreover, the Nomination Papers that Candidate circulated provide, "NOTE: You must fill in all information in [sections] A, B & C before you begin collecting for signatures." (Objection Petition, Ex. B; *see N.T.*, 8/12/13, at 22.) Section C is the committee-to-fill-vacancies section. Candidate testified that he read this instruction but admitted that he did not complete section C on any of his Nomination Papers. (N.T., 8/12/13, at 22–23.)

■ We also agree with the trial court that Candidate failed to present sufficient evidence to cure the defect. The trial court explained:

> [Candidate's] witnesses did not testify that they were informed of the requirement that he specify a Committee to Fill Vacancies nor were they informed that he had not chosen a committee because he believed the requirement did not apply to him. Therefore, [Candidate's] signers were not aware of any information regarding the membership of the Committee to Fill Vacancies and an amendment is not proper to cure the defect.

(Trial Ct. Op. at 3.) Because Candidate failed to present sufficient, credible evi-

---

5. *See* Section 414 of the Commonwealth Court Internal Operating Procedures, 210 Pa. Code § 69.414 ("A single-judge opinion of this court, even if reported, shall be cited only for its persuasive value, not as a binding precedent.").

dence that the signers of his Nomination Papers were aware of any information about the committee to fill vacancies, the trial court properly disallowed an amendment. *See Gazze*, 960 A.2d at 178 (holding that an independent candidate's nomination papers were properly rejected where the candidate "was unable to offer any competent and credible evidence to show that the signers were aware of any information regarding the membership of the Committee to Fill Vacancies").

Candidate further claims that he relied on the Bureau's acceptance of his Nomination Papers without notifying him that he needed to complete the committee section. *See Appeal of Fairview Associates, Inc.*, 61 Pa.Cmwlth. 404, 433 A.2d 929, 930 (1981) ("[A] court may allow later amendment when a party's defective petition is the result of that party's reasonable reliance on a representation, misrepresentation or mistake by an employee or representative of the Board of Elections."). However, Candidate offered no evidence that he asked a Bureau representative if he had to complete that section or that a Bureau representative told him that he did not need to complete it. To the contrary, Bureau representative Gerald Feaser, Jr., testified that he had at least three conversations with Candidate, yet Candidate never asked him whether he had to complete the committee section. (N.T., 8/12/13, at 47, 53.) Rather, Feaser merely discussed Candidate's "submission as a whole," as was his customary practice. (*Id.* at 47–48.) When asked to elaborate, Feaser testified:

> While I can't speak to what the details of those conversations are, I can attest to the fact that just about every candidate that comes to my office when they give us the paperwork, they say is everything okay. And our routine answer is as long as the minimum number of signatures are there and, you know, if there's a filing fee that's required is paid

and things like that, you know, we accept them.

(*Id.* at 49.) According to Feaser, the only deficiencies he discussed with Candidate were his omission of entire documents, not defects in the Nominations Papers themselves. (*Id.* at 53.) Therefore, we reject Candidate's claim.

Finally, in his brief, Candidate raises numerous additional issues, including claims that certain provisions of the Election Code, as applied, violate his rights under the United States and Pennsylvania Constitutions. (*See* Candidate's Br. at 2–3.) However, all of these issues are waived for Candidate's failure to raise them in the trial court. *See* Pa. R.A.P. 302(a). Remarkably, the trial court gave Candidate additional time to file a memorandum of law after the hearing, but Candidate chose not to do so. (*See N.T.*, 8/12/13, at 56, 68.)

Accordingly, we affirm.

Judge LEAVITT did not participate in the decision in this case.

### ORDER

AND NOW, this *4th* day of *October*, 2013, we hereby affirm the August 15, 2013, order of the Court of Common Pleas of Dauphin County.