Robert Gardocki, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued December 4, 1978, before Judges Crumlish, Jr., Blatt and Craig, sitting as a panel of three.

*Joseph S. Nescio,* with him *John J. O'Brien,* for petitioner.

*Robert J. Schwartz,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 14, 1979:

Robert Gardocki, a former employee of the Commonwealth of Pennsylvania, Department of Transportation (PennDOT) and member of its certified bargaining agent (AFSCME[1]), appeals on evidentiary grounds an arbitrator's award and order which upheld his dismissal for just cause. PennDOT has filed a motion to quash the appeal asserting, *inter alia,* that Gardocki lacks standing to appeal the arbitration award.

We agree and dismiss the appeal.

Gardocki was fired from his position as a Real Estate Specialist on June 10, 1977, for conflict of interest[2] and falsification of his address on his expense vouchers and PennDOT records. He filed a griev-

---

[1] American Federation of State, County and Municipal Employees, AFL-CIO.

[2] Gardocki was charged with a conflict of interest insofar as he resided for approximately two years in a property acquired and owned by PennDOT in violation of known work rules, and PennDOT's Code of Conduct, Ethics and Practices.

ance under Article XXXIX of the Collective Bargaining Agreement between PennDOT and AFSCME which at Step V[3] allows the Union to submit the grievance to binding arbitration by an arbitrator jointly selected by AFSCME and PennDOT.[4]

PennDOT argues that since the collective bargaining agreement has given AFSCME the exclusive right to pursue a grievance to arbitration, only it and AFSCME, the signatories of the collective bargaining agreement, have standing to appeal the award.

Our recent decision, *McCluskey v. Commonwealth, Department of Transportation*, 37 Pa. Commonwealth Ct. 598, 606-07, 391 A.2d 45, 50 (1978), dealing with the same arbitration procedure, denied individual employees standing to appeal an arbitrator's award:

> We believe, however, that giving the union the responsibility for processing a grievance with the employer before an Arbitrator which is characteristic of the law in the private sector, is equally applicable to public sector labor law. The adjustment and settlement of grievances between a public employer and a union before an Arbitrator are intended to be binding upon

---

[3] Step V provides in pertinent part:

An appeal from an unfavorable decision at Step IV may be initiated by the Union serving upon the Employer a notice in writing of the intent to proceed to arbitration within seven days after the response from Step IV is due. Said notice shall identify the provisions of the Agreement, the department, the employe involved, and a copy of the grievance. . . . The arbitrator is to be selected by the parties jointly. . . .

[4] PennDOT is a public employer and so bound by Section 903 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, repealed in part by Act of March 1, 1974, P.L. 125, 43 P.S. §1101.903, which requires the arbitration of disputes or grievances arising out of the interpretation of provisions of the collective bargaining agreement.

582

both parties to the Agreement (*see* Step V in the Agreement), and we believe, therefore, that the Appellants who were not parties to the arbitration proceedings lack standing to appeal from the award thereunder. (Footnote omitted.)

Further elaboration of Judge BLATT's able discussion in *McCluskey, supra,* is unnecessary.

Accordingly, we

ORDER

AND Now, this 14th day of May, 1979, the Commonwealth of Pennsylvania, Department of Transportation's motion to quash the above-captioned appeal is hereby granted and the appeal is hereby dismissed.