Robert N. McGrath, Appellant *v.* Municipality of Penn Hills, Appellee.

Argued October 5, 1981, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*Patrick C. McGinley* with him *Robert J. Shostak* and *Gregg M. Rosen,* for appellant.

*Henry G. Beamer,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 9, 1982:

Robert N. McGrath appeals from an Allegheny County Common Pleas Court order denying his petition to vacate an arbitrator's award. We affirm.

McGrath, a part-time Code Enforcement Officer for the Municipality of Penn Hills (Penn Hills) sought the best of both worlds. The collective bargaining agreement (agreement) entered into between Penn Hills and the Municipal Employees Organization

(Union) provided a guarantee to him of 1,125 work-hours per contract year. When his employment was terminated for economy reasons, McGrath filed a grievance pursuant to the negotiated grievance procedure.[1] Failing to resolve the dispute, the Union invoked arbitration, but the arbitrator denied the grievance.[2] McGrath petitioned the court below to vacate the decision and Penn Hills filed a motion to quash.[3] That court quashed, holding he lacked standing to challenge the arbitrator's decision.

The collective bargaining agreement is a contract, hence any rights and remedies must be derived solely from the agreement itself. *Falsetti v. Local Union No. 2026, United Mine Workers of America,* 400 Pa. 145, 167, 161 A.2d 882, 893 (1960). By its terms, the agreement provides that only the Union may process a grievance to arbitration.[4] It is well established that, when the agreement gives the Union the exclusive

---

[1] Article 10 of the agreement sets forth a five-step procedure, culminating in arbitration if necessary, to resolve employer-employee disputes.

[2] The arbitrator held that the "guaranteed work hours" provision violated Section 703 of the Public Employes Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.703 (Supp. 1965-80) [which prohibits the implementation of any contract provision in violation of a municipal home rule charter] when read in conjunction with Penn Hills' Home Rule Charter which permits the municipality to reduce its employee role for economy reason.

[3] Approximately five minutes prior to the hearing in Common Pleas Court to show cause why the arbitrator's award should not be vacated, Penn Hills' counsel submitted the quash motion and supporting brief. The lower court denied the employee's request for time to brief the standing issue raised by Penn Hills.

[4] Article 10, §2 of the agreement mandates that Penn Hills shall deal with the Municipal Employees Organization. Although an individual employee is entitled under Article 10, §4 to process his own claims through the first two steps of the negotiated grievance procedure, the Union is given the exclusive right to pursue the grievance to arbitration.

right to pursue a dispute through arbitration, the individual employees have no standing to appeal the arbitrator's award. *McCluskey v. Department of Transportation*, 37 Pa. Commonwealth Ct. 598, 603, 391 A.2d 45, 48 (1978).[5] *McCluskey* is legally indistinguishable and therefore is controlling.[6]

We dismiss McGrath's thesis that he has standing under Section 606 of PERA[7] to appeal an arbitrator's award. Section 606 permits an employee to pursue a grievance individually *only where the adjustment is not inconsistent with the agreement's terms.* Arbitration comes under Section 903,[8] which provides that grievance procedure is a proper collective bargaining subject. Since the agreement specifically vests the Union with the exclusive responsibility to submit disputes to arbitration, an arbitration adjustment secured by an individual employee would be ''incon-

---

[5] Even when the union does not join in the employer's quash motion, individual employees have no standing to appeal an arbitrator's award. *See Gardocki v. Department of Transportation*, 42 Pa. Commonwealth Ct. 579, 401 A.2d 410 (1979).

[6] We reject McGrath's contention that, since the "guaranteed work hours" provision is peculiar to him and him alone, he has standing to appeal the arbitrator's decision. Although a provision inures directly to the employee's benefit, the employee's cause of action is precluded by contractual grievance and arbitration procedures which, by their very terms, limit access to the Union. *See Falsetti*, 400 Pa. 168, 161 A.2d at 893.

[7] 43 P.S. §1101.606 provides, in part, that:

[a]n individual employee . . . shall have the right . . . to present grievances to [his] employer and to have them adjusted without the intervention of the bargaining representative *as long as the adjustment is not inconsistent with the terms of the collective bargaining contract in effect.* . . . (Emphasis added.)

[8] 43 P.S. §1101.903 provides, in part, that:

The procedure [for arbitration of disputes] to be adopted is a proper subject of [collective] bargaining. . . . (Explanation added.)

sistent" with the terms of the collective bargaining agreement within the meaning of Section 606.

McGrath's argument, that the trial court's refusal to grant time to brief the standing issue deprived him of a meaningful opportunity to be heard, is without merit. We have examined his contentions and find no prejudicial error.

Affirmed.

ORDER

The Allegheny County Common Pleas Court order, No. GD80-22324, dated October 28, 1980, is affirmed.

Judge PALLADINO did not participate in the decision in this case.