538 A.2d 659

William Cairns, Appellant *v.* Southeastern Pennsylvania Transportation Authority ("SEPTA"), Appellee.

Submitted on briefs September 15, 1987, to President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.,

*Gregory G. Stagliano;* Of Counsel: *Eckell, Sparks, Levy, Auerbach, Monte & Moses,* for appellant.

*Margery Sickles Preddy,* for appellee.

OPINION BY JUDGE BARRY, March 9, 1988:

Willaim Cairns (appellant) appeals from an order of the Court of Common Pleas of Delaware County sustaining the defendant Southeastern Pennsylvania Transportation Authority's (SEPTA) preliminary objections and dismissing Mr. Cairns' complaint.

The appellant was employed by SEPTA as a bus driver from January 25, 1967 through April 15, 1982. Beginning in December of 1981 the appellant began to suffer from a cardiac condition which eventually led to catheterization and by-pass surgery. The appellant's physician released him to return to his job. However,

SEPTA dismissed the appellant pursuant to the following company regulation:

> In the interest of safety of both the public and employees, any employee of the Septa Red Arrow Division who has suffered a coronary occlusion will be immediately and permanently disqualified from operating any revenue equipment.

At all times relevant to these proceedings the appellant was a member of the United Transportation Union, Local 1594 (Union) which is the appellant's exclusive representative for collective bargaining purposes. Following the appellant's discharge the Union followed all grievance procedures on his behalf culminating in the grievance being submitted to binding arbitration. On May 16, 1983, a hearing was held before an arbitrator who entered an award on July 19, 1983 denying the appellant's grievance.

Following the entry of the arbitrator's award the appellant filed a complaint in the Court of Common Pleas of Delaware County naming SEPTA as the defendant. The complaint contains two counts each of which purports to set out a cause of action sounding in tort for wrongful discharge.

SEPTA filed preliminary objections to the appellant's complaint challenging, *inter alia,* his standing to bring this action. Before the trial court SEPTA characterized the appellant's complaint as an appeal from the arbitrator's award. The trial court accepted that characterization inasmuch as it sustained SEPTA's preliminary objection as to the appellant's lack of standing and dismissed his complaint. In doing so the trial court relied on *McGrath v. Municipality of Penn Hills,* 64 Pa. Commonwealth Ct. 477, 440 A.2d 1279 (1982) and *McCluskey v. Department of Transportation,* 37 Pa. Commonwealth Ct. 598, 391 A.2d 45 (1978). Those cases stand for the proposition that when a collective bargaining

agreement "gives the Union the exclusive right to pursue a dispute through arbitration, the individual employees have no standing to appeal the arbitrator's award." *McGrath,* 64 Pa. Commonwealth Ct. at 479-80, 391 A.2d at 1280.

We agree with the appellant that although the trial court correctly stated the law it is not applicable in this case.

First, we note that the procedural posture of the cited cases is different than in this case. *McGrath* involved a petition to vacate the arbitrator's award filed by the employee in common pleas court. In *McCluskey* the employee filed a petition for review of an arbitrator's award in the Commonwealth Court. Those cases clearly involve an appeal from an arbitrator's award.

Here, the appellant has filed a complaint in common pleas court not an appeal from or a petition for review of an arbitrator's award. However, we do not find that the employee's choice of pleading alone creates the distinction necessary to compel our conclusion that this is not simply an appeal from an arbitrator's award. The appellant's complaint contains two counts sounding in tort for wrongful discharge which is a recognized cause of action at common law in Pennsylvania. *See Geary v. United States Steel Corporation,* 456 Pa. 171, 319 A.2d 174 (1974). The gravamen of the appellant's claim is that the company regulation relating to employees who have suffered from coronary occlusions is against public policy. The complaint in no way alleges that the application of the company regulation was violative of the collective bargaining agreement. Further, the appellant acknowledges in both his complaint at paragraph 13 and in his brief to this court that the arbitrator's decision was legally correct. Accordingly, we find that the appellant's complaint raises allegations separate and distinct from those raised and decided through the grievance and arbitration process and conclude that the trial court erred

in dismissing appellant's complaint for lack of standing because of *McGrath* and *McCluskey.*

We note that SEPTA filed numerous preliminary objections to the appellant's complaint. The trial court only addressed the preliminary objection challenging the appellant's standing as discussed above. For the sake of judicial economy we will dispose of this case rather than remand the matter to the trial court for consideration of the remaining preliminary objections.

One of SEPTA's preliminary objections to the appellant's complaint is in the nature of a demurrer for failure to state a cause of action. We are persuaded by the reasoning of the Superior Court in *Phillips v. Babcock & Wilcox,* 349 Pa. Superior Ct. 351, 355, 503 A.2d 36, 38 (1986), *appeal denied,* 513 Pa. 641, 521 A.2d 933 (1987) which concludes that "because the wrongful discharge action in Pennsylvania was judicially created to protect otherwise unprotected employees from indiscriminate discharge and to provide unorganized workers a legal redress against improper actions by their employers, we hold that an action for the tort of wrongful discharge is available only when the employment relationship is at will."

The appellant here was represented by his Union which had negotiated a collective bargaining agreement with SEPTA. Accordingly, he cannot be considered an at will employee. Adopting the Superior Court's reasoning in *Phillips,* we therefore conclude that the appellant has not stated a cause of action and SEPTA's preliminary objection in the nature of a demurrer should be sustained.

Based on the foregoing we affirm the order of the trial court though on different grounds.[1]

---

[1] *See In re: Nomination Certificate of Luzerne County Democratic Executive Committee,* 62 Pa. Commonwealth Ct. 277, 436 A.2d 263 (1981) (this Court will affirm a trial court which reached the correct result although by way of an erroneous analysis).

## ORDER

Now, March 9, 1988, the order of the Court of Common Pleas of Delaware County dated August 4, 1986, at No. 85-9260 is hereby affirmed.