566 A.2d 360

**Joseph T. LYNN, Plaintiff,**

**v.**

**Linda SMITH, Individually and in her capacity as Chief of the Division of Recipient, Prosecution and Recovery, and Theresa M. Dunbar, Individually and in her capacity as Agent–In–Charge, Luzerne Area and Elwood Bowman, Individually and in his capacity as Director, Bureau of Investigation, Prosecution and Recovery and Commonwealth of Pennsylvania, Department of Public Welfare, Defendants.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 11, 1989.

Decided Nov. 16, 1989.

Joseph T. Lynn, pro se.

James S. Marshall, with him, Ruth B. O'Brien, Asst. Counsel, for defendants.

Before CRUMLISH, Jr., President Judge, and GARDNER COLINS, J., and NARICK, Senior Judge.

PER CURIAM:

Joseph Lynn (Lynn) has filed a petition for review in our original jurisdiction against Linda Smith, Theresa Dunbar, Elwood Bowman and the Commonwealth of Pennsylvania, Department of Public Welfare (collectively, Defendants)[1] seeking damages for wrongful discharge and intentional infliction of emotional distress in connection with his termination as a DPW employee. Presently before us for dispo-

---

1. The individual Defendants are all employees of the Department of Public Welfare (DPW).

sition is Defendants' application for summary relief filed pursuant to Pa.R.A.P. 1532(b).

The following facts are alleged in the amended petition: Lynn was a DPW employee between November 11, 1976 and April 21, 1986. In April 1980, Lynn became the chief shop steward for his union, the Pennsylvania Social Services Union, Local No. 668, a position which he maintained until his termination. While serving as shop steward, Lynn filed over thirty grievances.

Lynn avers that the three individual Defendants conspired to render his life "onerous, burdensome and intolerable" (¶ 12) by acts such as: removing him from criminal prosecution duties for the alleged but unnecessary purpose of cross-training; offering to allow him to continue as a prosecutor in exchange for dropping his union grievances; changing the designation of his headquarters from his home to the local county assistance office; pressuring his supervisor to lower his evaluations; threatening termination and criminal prosecution; and disciplining him in a discriminatory manner. Lynn was ultimately discharged after he filed a private criminal complaint against unnamed DPW employees. Lynn alleges that the decision to terminate his employment was made prior to his filing of the criminal complaint.

The petition for review alleges that Lynn's discharge was intended to "crush [him] financially and thereby to silence him forever." (¶ 40). It further avers that the Defendants assigned DPW employees to contact individuals and agencies with which Lynn had dealings to inform them that Lynn's activities were under investigation.

Further, it is averred that Lynn was an exemplary employee who received above-average evaluations and commendations for his work. It charges that Lynn had a contractual right not to be discharged without good cause, but he was discharged without good cause and that the Defendants thereby "violated [his] contractual and statutory rights." (¶ 48).

The relief Lynn seeks consists of: Count 1—damages for intentional infliction of emotional distress; Count 2—reinstatement to his former position along with damages plus costs and interest for lost wages and various accrued benefits for his wrongful discharge; and Count 3—punitive damages based upon Counts 1 and 2.

Because both substantive counts of the petition for review sound in tort, we must *sua sponte* raise the question of our jurisdiction over this matter. According to 42 Pa. C.S. § 761(a), Commonwealth Court has original jurisdiction of civil actions or proceedings:

> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

In *Balshy v. Rank*, 507 Pa. 384, 490 A.2d 415 (1985), our Supreme Court concluded, after a thorough analysis of the history of the statutory provisions governing this Court's original jurisdiction as they relate to the evolution of the doctrine of sovereign immunity, that the legislature did not intend to vest original jurisdiction over routine tort litigation in Commonwealth Court. The Court stated: "We hold today the clear intent of the General Assembly is that actions against the Commonwealth or its officers acting in their official capacity for money damages based on tort liability are outside the original jurisdiction of Commonwealth Court and are properly commenced in the Courts of Common Pleas." *Id.*, 507 Pa. at 396, 490 A.2d at 420–21.

Counts 1 and 3 of the petition before us are solely for money damages and clearly fall within the rule of *Balshy*. In Count 2, however, Lynn seeks reinstatement in addition to monetary relief. In *Fawber v. Cohen*, 516 Pa. 352, 532 A.2d 429 (1987), the Supreme Court amplified its holding in *Balshy*, determining that Commonwealth Court did have

original jurisdiction over actions for injunctive and declaratory relief, which, the Court concluded, were not actions in the nature of trespass.

In *Brown v. Taylor,* 90 Pa. Commonwealth Ct. 23, 494 A.2d 29 (1985), a case pre-dating *Fawber,* this Court determined, relying upon *Balshy,* that we did not have jurisdiction over a wrongful discharge action, which we characterized as "an action in trespass." *Id.,* 90 Pa.Commonwealth Ct. at 25, 494 A.2d at 31. Here, although Lynn is seeking reinstatement to his former position, a remedy which could be characterized as equitable in nature, it is not clear that such a remedy would be available to him in a tort action.[2]

In *Phillips v. Babcock and Wilcox,* 349 Pa. Superior Ct. 351, 503 A.2d 36 (1986), *petition for allowance of appeal denied,* 514 Pa. 618, 521 A.2d 933 (1987), the Superior Court indicated in *dicta* that the remedy of reinstatement would not be available to an at-will employee suing in tort, in contrast to the remedy available to an employee who pursues his rights under a collective bargaining agreement, since those agreements typically provide for reinstatement.[3] Our research has disclosed no authority to the contrary and we are not aware of any cases where reinstatement was allowed as a remedy for the tort of wrongful discharge.

In light of our conclusion that this is an action in trespass for money damages, we do not have jurisdiction and must enter an order transferring the case to the appropriate court of common pleas without addressing the merits of the Defendants' application for summary relief.

## ORDER

AND NOW, this 16th day of November, 1989, the above-captioned matter is hereby transferred to the Court of Common Pleas of Lackawanna County.

2. Apparently, reinstatement would be available to Lynn under the terms of his collective bargaining agreement, since he has alleged violation of his contractual rights.

3. Although we made no mention of the availability of remedies, this Court adopted the Superior Court's reasoning in *Phillips* in *Cairns v. Southeastern Pennsylvania Transportation Authority,* 114 Pa. Commonwealth Ct. 321, 538 A.2d 659 (1988).