**Gary HARPER, Plaintiff,**

v.

**AMERICAN RED CROSS BLOOD SERVICES, PENN–JERSEY REGION, Defendant.**

**No. CIV. A. 01–1676.**

United States District Court, E.D. Pennsylvania.

July 16, 2001.

George D. Walker, Jr., Larry Pitt & Associates, P.C., Philadelphia, PA, for plaintiff.

Shira J. Goodman, Ballard, Spahr, Andrews & Ingersoll, LLP, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

The Defendant, American Red Cross Blood Services, Penn–Jersey Region ("Red Cross"), moves to dismiss Gary Harper's ("Mr. Harper") complaint for failure to state a claim upon which relief may be granted. For the reasons that follow, we will grant Red Cross's motion.

### Background

Gary Harper was employed by Red Cross from 1986 to 2000 as a Blood Collection Support Staff worker. During his tenure at Red Cross, Mr. Harper was covered by a collective bargaining agreement that governed the terms and conditions of his employment. On February 17, 1998, Mr. Harper was injured in the course and scope of his employment with Red Cross. As a result of his injury, Mr. Harper received workers' compensation benefits. Thereafter, Mr. Harper continued to work for Red Cross in a light capacity from February 17, 1998 until December 14, 1998.

On April 28, 2000, Mr. Harper tried to return to work for full duty. When Mr. Harper returned, he was informed that pursuant to section 5.4(8) of the collective bargaining agreement, he had lost his seniority due to his work-related injury and that his employment was terminated effective immediately.

### Motion to Dismiss Standards

The standards to grant a motion to dismiss are outlined in Fed.R.Civ.P. 12(b)(6). Under Rule 12(b)(6), a motion to dismiss may be granted only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Quarles v. Germantown Hosp. & Cmty. Health Servs.*, 126 F.Supp.2d 878, 880 (E.D.Pa. 2000) (quoting *Hishon*). The Court must accept all well-pleaded allegations as true and construe the complaint in a light most favorable to the plaintiff when determining whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. *See, e.g., Lake v. Arnold*, 232 F.3d 360, 365 (3d Cir.2000); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000). Although generally courts may not look beyond the complaint in deciding a motion to dismiss under Rule 12(b)(6), "they may consider an undisputedly authentic document that a defendant attaches to a motion to dismiss, if the plaintiff's claims are based on that document." *Pension Benefit Guar. Corp. v. White Consol. Indus.,*

*Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.1994).

### Discussion

In his complaint, Mr. Harper contends he was wrongfully discharged in retaliation for filing a claim to receive workers' compensation benefits under the Pennsylvania Workers' Compensation Act. Workers' Compensation Act, 77 P.S. § 1 *et seq.* Red Cross argues that Mr. Harper cannot state a claim for wrongful discharge because such claims are only available to at-will employees. Because Mr. Harper admits he is covered under a collective bargaining agreement, Red Cross argues that his complaint must be dismissed. We agree.

■■■ Union-represented employees under a collective bargaining agreement cannot maintain a tort action for wrongful discharge when the terms of the collective agreement would otherwise protect the employee from discharge without proper cause. *Phillips v. Babcock & Wilcox*, 349 Pa.Super. 351, 503 A.2d 36, 38 (1986), *appeal denied*, 514 Pa. 618, 521 A.2d 933 (1987). However, a wrongful discharge action is available, under certain limited circumstances, to an at-will employee who may be otherwise discharged "with or without cause, at pleasure, unless restrained by some contract." *Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231, 1233 (1998) (internal quotations omitted). This distinction exists because, a union-represented employee, unlike an at-will employee, can contest his dismissal through the grievance procedure outlined in his collective bargaining agreement. *Scott v. Sysco Food Servs. of Philadelphia*, No. CIV.A. 99–2150, 1999 WL 554599, at *1 (E.D.Pa. June 18, 1999); *Phillips*, 503 A.2d at 37; *see also Cairns v. SEPTA*, 114 Pa.Cmwlth. 321, 538 A.2d 659, 660 (1998); *Ross v.*

*Montour R.R. Co.*, 357 Pa.Super. 376, 516 A.2d 29, 32–33 (1986).

■■■ In the face of this precedent, Mr. Harper argues that the Pennsylvania Supreme Court has recognized that "a cause of action exists under Pennsylvania law for wrongful discharge of an employee who files a claim for workers' compensation benefits." *Shick*, 716 A.2d at 1231. While that may be true, *Shick* dealt only with at-will employees and did not overrule the well-established law that employees under a collective bargaining agreement cannot maintain a tort action for wrongful discharge. *See Phillips*, 503 A.2d at 36. Here, it is undisputed that Mr. Harper is covered under a collective bargaining agreement. Pursuant to that agreement, there is a grievance procedure through which employees may contest adverse employment actions, and Mr. Harper admits that he utilized this procedure to challenge his job termination. As a result, we conclude that Mr. Harper is precluded from bringing a wrongful discharge claim. *See Id.*

■■■ Our conclusion is further supported by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (1994). Under section 301 of the LMRA, state law claims are preempted "when resolution of that claim is substantially dependent upon an analysis or the meaning of terms of a labor agreement governed by section 301, or is inextricably intertwined with the consideration of the terms of the agreement." *Phillips v. Selig*, 157 F.Supp.2d 419, 424 (E.D.Pa. 2001). Moreover, when a state law claim is actually a claim for a violation of a collective bargaining agreement, it is preempted by federal labor law. *Scott*, 1999 WL 554599, at *1; *Selig*, at 424. As such, federal preemption covers claims that "arguably" fall within the "protections and prohibitions" of the LMRA. *Linn v. United*

*Plant Guard Workers*, 383 U.S. 53, 60, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966).

■ Claims of retaliatory discharge for filing a workers' compensation claim fall under the federal preemption category, *Scott*, 1999 WL 554599, at *1. In addition, we agree with other Courts that the LMRA would be frustrated if a plaintiff like Mr. Harper, could "end-run the grievance procedure outlined in his collective bargaining agreement by filing a wrongful discharge claim in court." *Id.* Accordingly, we will grant Red Cross's Motion to Dismiss.

### *Conclusion*

An appropriate Order follows.

### *ORDER*

AND NOW, this 16th day of July, 2001, upon consideration of Defendant's Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief May be Granted, and Plaintiff's response thereto, it is hereby ORDERED that the Motion is GRANTED and the Complaint is DISMISSED WITH PREJUDICE.