**Michael KEVENEY, Respondent/Cross–Appellant,**

**v.**

**MISSOURI MILITARY ACADEMY,**
**Appellant/Cross–Respondent.**

**No. SC 89925.**

Supreme Court of Missouri,
En Banc.

Feb. 9, 2010.

Ian P. Cooper, Katherine L. Nash, Tueth Kenney Cooper Mohan & Jackstadt, P.C., St. Louis, for Appellant/Cross–Respondent.

Michelle Dye Neumann, Gregory A. Rich, Dobson, Goldberg, Berns & Rich, LLP, St. Louis, for Respondent/Cross–Appellant.

RICHARD B. TEITELMAN, Judge.

Missouri Military Academy (Employer) appeals from a judgment awarding Michael Keveney (Employee) $13,300 in damages for breach of an employment contract. This part of the judgment is affirmed. Employee appeals from the dismissal of his claim for wrongful discharge in violation of public policy. This part of the judgment is reversed.

### I.  Background

Employee worked as a teacher pursuant to a written employment contract. The contract provided that Employer could ter-

minate Employee's employment for cause. In October 2003, Employer terminated Employee for cause.

Employee filed suit alleging that his termination was a result of his insistence that his superiors report to the Division of Family Services (DFS) evidence that a student was being abused physically. Specifically, Employee observed bruises on the student's arms and reported his observation to administrators at the school. Employee alleges that his superiors refused to report the cadet's bruises to DFS and told him his job would be jeopardized if he reported to DFS. Employee was discharged the same day he reported the suspected abuse to his superiors.

Employee filed a petition alleging wrongful discharge and breach of contact. Employee sought punitive damages and damages for emotional distress under both counts. The circuit court dismissed Employee's wrongful discharge claim and did not allow submission of his claim for punitive damages and damages for emotional distress for his breach of contract claim. The case proceeded to trial on the breach of contract claim. The jury awarded Employee $13,300 in damages for breach of contract.

Employer appealed, asserting that the circuit court erred in overruling its motion for directed verdict because the evidence established that Employee failed to perform his contractual obligations and that he engaged in misconduct constituting cause for termination. Employee cross-appealed, asserting wrongful discharge claims should be available to contract employees and, alternatively, that contract employees should be able to obtain punitive damages and damages for emotional distress under a whistleblower breach of contract claim.

## II. Wrongful Discharge

### A. Standard of Review

▮▮▮ A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. *State ex rel. Henley v. Bickel,* 285 S.W.3d 327, 329 (Mo. banc 2009) (quoting *Bosch v. St. Louis Healthcare Network,* 41 S.W.3d 462, 464 (Mo. banc 2001)). The plaintiff's allegations are taken as true, and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive. *Id.* The petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted in that case. *Id.*

### B. Wrongful Discharge in Violation of Public Policy

▮▮▮ Generally, an employer can discharge an at-will employee for any reason. *Johnson v. McDonnell Douglas Corp.,* 745 S.W.2d 661, 663 (Mo. banc 1988). There are limits to the at-will employment doctrine. An employer cannot terminate an at-will employee for being a member of a protected class, such as "race, color, religion, national origin, sex, ancestry, age or disability." Section 213.055, RSMo Supp. 2005. Missouri courts also recognize a public policy exception to the employment at-will doctrine. *Fleshner v. Pepose Vision Institute, Inc.,* 304 S.W.3d 81, 92, (Mo. banc 2010). The public policy exception "provides that an at-will employee who has been discharged by an employer in violation of a clear mandate of public policy has a cause of action against the employer for wrongful discharge." *Boyle v. Vista Eyewear, Inc.,* 700 S.W.2d 859, 871 (Mo.App.1985). Public policy "finds its sources in ... the letter and purpose of a constitutional, statutory or regulatory provision or scheme...." *Id.*

■ To date, Missouri courts have declined to extend the wrongful discharge cause of action to contract employees. Therefore, the dispositive issue in this point is whether a contract employee, like an at-will employee, can pursue a claim for wrongful discharge in violation of public policy.

Previous cases support Employer's assertion that the tort of wrongful discharge applies only to at-will employees. In *Luethans v. Washington University*, 894 S.W.2d 169, 173 (Mo. banc 1995), this Court stated that "a wrongful discharge action is only available to an employee at will."[1] Subsequent cases discussing the tort of wrongful discharge all have involved at-will employees. *See Drury v. Missouri Youth Soccer Ass'n, Inc.*, 259 S.W.3d 558, 566 (Mo.App.2008); *Sivigliano v. Harrah's*, 188 S.W.3d 46, 48 (Mo.App. W.D.2006); *Williams v. Thomas*, 961 S.W.2d 869, 873 (Mo.App.1998). Although no Missouri case has permitted a contract employee to bring a wrongful discharge action, it is also true that none of these cases has offered a detailed justification for allowing an at-will employee to recover for wrongful discharge while denying the same remedy to a contract employee.

■ There are at least three compelling reasons for allowing contract employees to pursue an action for wrongful discharge in violation of public policy. First, limiting the wrongful discharge cause of action to at-will employees fails to recognize the distinct underlying purpose of the wrongful discharge cause of action. A breach of contract action enforces privately negotiated terms and conditions of employment. In contrast, the wrongful discharge action is premised on a conflict between the conditions of employment and constitutional, statutory, or regulatory provisions that are applicable irrespective of the terms of contractual employment. A discharge is not "wrongful" because it violates the contractual terms of employment. A discharge is "wrongful" because it is based on the employer's attempt to condition employment on the violation of public policy expressed in applicable constitutional, statutory or regulatory provisions. *See Smith v. Bates Technical College*, 139 Wash.2d 793, 991 P.2d 1135, 1141 (2000) (*citing Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330, 1335 (1980)). Limiting wrongful discharge actions to at-will employees rests implicitly on the incorrect assumption that the constitutional, statutory or regulatory interests at issue can be limited through private contracts. An employer's obligation to refrain from discharging an employee who refuses to participate in or conceal actions inconsistent with public policy does not depend on the terms and conditions of the employment contract. *Id.*

■ Second, given the distinct interests at issue in a wrongful discharge action, it follows that the remedies are distinct. An employee discharged in violation of an employment contract can recover the amount of income he or she would have earned absent the breach, less any income earned in the interim.

---

1. As in *Luethans*, several states have held that a wrongful discharge cause of action is limited to at-will employees. *See Willitts v. Roman Catholic Archbishop of Boston*, 411 Mass. 202, 581 N.E.2d 475 (1991); *Valot v. Southeast Local School Dist. Bd. of Education*, 124 Ohio App.3d 492, 706 N.E.2d 805 (1997); *Trexler v. Norfolk S. Ry. Co.*, 145 N.C.App. 466, 471, 550 S.E.2d 540 (2001); *Ross v. Montour R. Co.*, 357 Pa.Super. 376, 383, 516 A.2d 29 (1986); *Temple v. Med. Univ. of South Carolina*, 2004 WL 3317660, 2004 U.S. Dist. LEXIS 27831 (D.S.C. February 6, 2004); *Hernreck v. United Parcel Service, Inc.*, 938 P.2d 863, 865 (Wyo.1997).

*Puller v. Royal Casualty, Co.*, 271 Mo. 369, 196 S.W. 755, 762 (1917). If an employee is discharged for refusing to violate a public policy requirement, a breach of contract action satisfies private contractual interests but fails to vindicate the violated public interest or to provide a deterrent against future violations. When an employer's actions violate not only the employment contract but also clear and substantial public policy, the "employer is liable for two breaches, one in contract and one in tort." *Retherford v. AT & T Communications of Mt. States, Inc.*, 844 P.2d 949, 960 (Utah 1992). It follows that the employer must bear the consequences of its actions.

■ Finally, it is inconsistent to allow an at-will employee to pursue an action for wrongful discharge while denying a contract employee the same right. Allowing an at-will employee to pursue an action for wrongful discharge "illogically grants at will employees greater protection from these tortious terminations due to an erroneous presumption that the contractual employee does not need such protection." *Smith*, 991 P.2d at 1141. Allowing contract employees to pursue a claim for wrongful discharge places at-will and contract employees on the same footing while also encouraging employers to refrain from coercing employees into a dilemma of choosing between their livelihoods and reporting serious misconduct in the workplace.[2]

The foregoing reasons provide a compelling rationale for affording both at-will and contract employees the same limited right to bring a claim for wrongful discharge in violation of public policy as expressed in the constitution as well as statutes and regulations. Having established that contract employees can pursue a claim for wrongful discharge, the next issue is whether Employee's petition alleges a valid claim of wrongful discharge.

C.  Employee stated a cause of action for wrongful discharge

■ One of the public policy exceptions recognized in *Boyle* permits an employee to recover upon proof that he or she was discharged because of refusal to perform an illegal act. 700 S.W.2d at 872. This is the exception at issue in this case.

To survive a motion to dismiss, Employee had to plead that he refused to perform an illegal act or act in a manner contrary to public policy; that he was discharged; and that there is a causal connection between his discharge and his refusal to engage in the actions at issue. Employee alleged that he was employed as a teacher, that he noticed unusual bruises on one of his students, and that he reasonably suspected the student was being physically abused. Employee alleged that he reported the suspected abuse to three of his supervisors, each of whom was under a statutory duty to report the suspected abuse to DFS. Finally, Employee alleged that because "of [Employee's] continued insis-

---

**2.**  *See Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980); *Byrd v. VOCA Corp. of Wash., D.C*, 962 A.2d 927 (D.C.2008); *Norris v. Hawaiian Airlines, Inc.*, 74 Haw. 235, 842 P.2d 634 (1992); *Midgett v. Sackett–Chicago, Inc.*, 105 Ill.2d 143, 85 Ill.Dec. 475, 473 N.E.2d 1280 (1984); *Coleman v. Safeway Stores, Inc.*, 242 Kan. 804, 752 P.2d 645 (1988); *Bednarek v. United Food and Commercial Workers Int'l*  *Union*, 780 S.W.2d 630 (Ky.Ct.App.1989); *Ewing v. Koppers Co., Inc.*, 312 Md. 45, 537 A.2d 1173 (1988); *Lepore v. National Tool and Mfg. Co.*, 224 N.J.Super. 463, 540 A.2d 1296 (1988); *Dunwoody v. Handskill Corp.*, 185 Or.App. 605, 60 P.3d 1135 (2003); *Retherford v. AT & T Communications of the Mountain States, Inc.*, 844 P.2d 949 (Utah 1992); *Smith v. Bates Technical College*, 139 Wash.2d 793, 991 P.2d 1135 (2000).

tence that the student's bruises be reported to DFS in accordance with the laws of Missouri, [Employee] was terminated on October 29, 2003."

Employee has stated a claim for wrongful discharge for refusing to perform an illegal act. When Employee observed the student's bruises and suspected abuse, he was under a clear and specific statutory obligation to report that abuse to DFS. *See* section 210.115, RSMo 2000 (identifying teachers as mandatory reporters of suspected child abuse). If Employee failed to report the abuse, he was subject to criminal liability. *See* section 210.165, RSMo 2000 (failure to report the suspected abuse constitutes a class A misdemeanor). The mandatory reporting statutes constitute a clear public policy mandate.

Employee further alleges that when he relayed concerns about the suspected abuse to his superiors, he was told that his job would be in jeopardy if he reported the suspected abuse to DFS. Employee insisted that the abuse had to be reported. These allegations satisfy the requirement that Employee refused to perform an illegal act; namely, failing to report suspected abuse as required by section 210.115. Following this exchange, Employer terminated Employee's employment contract. These allegations satisfy the requirement that Employee allege that his discharge was caused by his refusal to perform an illegal act or engage in conduct that violates public policy. Taking these allegations as true, as is required by the standard of review, Employee's petition states a cause of action for wrongful discharge in violation of public policy. The circuit court erred in dismissing Employee's claim for wrongful discharge in violation of public policy.

### III. Count II (Breach of Contract)

Employer asserts that the trial court erred in overruling its motions for directed verdict and for judgment notwithstanding the verdict. Employer contends that the evidence established that Employee failed to perform his contractual obligations and that he engaged in misconduct constituting cause for termination.

#### A. Standard of Review

The standards of review for a denial of a motion for judgment notwithstanding the verdict and the denial of a motion for directed verdict are essentially the same. *Clevenger v. Oliver Ins. Agency, Inc.*, 237 S.W.3d 588, 590 (Mo. banc 2007). To defeat either motion, the plaintiff must make a submissible case by offering substantial evidence supporting every fact essential to a finding of liability. *Id.* To determine whether the evidence was sufficient to support the jury's verdict, an appellate court views the evidence in the light most favorable to the verdict and the plaintiff is given the benefit of all reasonable inferences. Conflicting evidence and inferences are disregarded. *Id.* The jury's verdict will be reversed only if there is a complete absence of probative facts to support the jury's conclusion. *Id.*

#### B. The circuit court did not err in overruling Employer's motions for directed verdict and JNOV.

A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *Howe v. ALD Servs., Inc.*, 941 S.W.2d 645, 650 (Mo.App.1997). Employer asserts that Employee's evidence was insufficient to satisfy the second element of the breach of contract action. Specifically, Employer asserts that Employee violated his employment contract by showing disrespect to his superiors while discussing the abuse allegations.

At trial, Employer introduced evidence to support its theory that Employee was terminated validly for cause. However, the applicable standard of review requires this Court to focus not on the evidence presented by the Employer but instead on the evidence submitted by Employee. Employee presented evidence demonstrating that he performed all of the teaching duties required by his contract with Employer. Employee testified that although the discussion with his superiors became heated, he was not disrespectful. "The jury is the sole judge of the credibility of witnesses and the weight and value of their testimony and may believe or disbelieve any portion of that testimony." *Altenhofen v. Fabricor, Inc.*, 81 S.W.3d 578, 584 (Mo.App.2002). The jury resolved this factual dispute in favor of Employee and found that Employee did perform the duties required of him by the employment contract. The circuit court did not err in overruling Employer's motions for directed verdict and for judgment notwithstanding the verdict.[3]

## IV.   Conclusion

The wrongful discharge cause of action applies equally to at-will and contract employees. Employee stated a claim for a wrongful discharge in violation of public policy. Employee also introduced sufficient evidence to satisfy the elements of his breach of contract claim. Therefore, the circuit court's judgment is affirmed in part and reversed in part, and the case is remanded.

All concur.

---

3. Employee also asserts that punitive damages should be available in his breach of contract action. There is no need to resolve this issue in light of the availability of a tort claim for wrongful discharge in violation of public policy.