NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3797
_____

MAUREEN A. COPPOLA,
Appellant

v.

JNESO-POCONO MEDICAL CENTER,
DISTRICT COUNCIL 1, IUOE-AFL-CIO;
POCONO HEALTH SYSTEM;
POCONO MEDICAL CENTER
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-08-cv-00798)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
November 4, 2010

Before: SCIRICA, RENDELL and ROTH, Circuit Judges

(Opinion Filed: November 5, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Maureen Coppola was a union employee covered by a collective bargaining

agreement between the union and her former employer, Pocono Medical Center. The

District Court held that Pennsylvania law, as articulated by the Superior Court, precludes Coppola from maintaining a claim for wrongful discharge in violation of public policy against Pocono Medical Center. The sole issue on appeal is whether we predict the Pennsylvania Supreme Court would hold, contrary to the Superior Court's longstanding precedent, that union employees covered by collective bargaining agreements may sue their former employers for wrongful discharge. Because we are unable to make such a prediction, we will affirm.[1]

## I.

Maureen Coppola was terminated from her job as a nurse at Pocono Medical Center for failing to follow a doctor's orders to intubate a patient. As a member of JNESO, a professional health care union, Coppola was subject to a collective bargaining agreement that provided that the hospital could only discharge union members for "just cause." The union investigated Coppola's termination, determined that it was justified, and declined to pursue a grievance on her behalf.

Coppola then sued Pocono Medical Center and the union. As relevant here, she alleged that she was wrongfully terminated in violation of public policy, as embodied in the Pennsylvania Administrative Code's standards of nursing conduct. *See* 49 Pa. Code § 21.18. The District Court granted summary judgment to Pocono Medical Center on the wrongful discharge claim, holding Coppola was not entitled to maintain her claim as a

---

[1] The District Court had jurisdiction over Coppola's original complaint based on the Labor Management Relations Act, 29 U.S.C. § 185. After Coppola's LMRA claims were dismissed by stipulation of the parties, the District Court exercised supplemental jurisdiction over Coppola's remaining state-law wrongful discharge claim. *See* 28 U.S.C. § 1367. Our jurisdiction over her appeal arises under 28 U.S.C. § 1291.

matter of Pennsylvania law. *Coppola v. JNESO-Pocono Medical Center*, No. 08-0789, 2009 WL 2707573, at *3 (M.D. Pa. Aug. 25, 2009). Relying in particular on *Phillips v. Babcock & Wilcox*, 503 A.2d 36 (Pa. Super. Ct. 1986), the Court observed that that "Pennsylvania appellate courts have been clear" that union employees covered by a collective bargaining agreement may not pursue such claims. *Id.* at *2-3.

## II.

On appeal, Coppola does not quarrel with the District Court's application of the Pennsylvania Superior Court's *Phillips* decision. Instead, she asks us to predict that the Pennsylvania Supreme Court would abrogate *Phillips* and hold that union employees subject to collective bargaining agreements may pursue wrongful discharge claims.

Our review of the District Court's application of state law is plenary. *Polselli v. Nationwide Mut. Fire Ins. Co.*, 126 F.3d 524, 528 n.3 (3d Cir. 1997) (citation omitted). "In the absence of any precedent of the Pennsylvania Supreme Court, we must predict how that court would decide this issue." *Id.* (citation omitted). At the same time, however, we must accord significant weight to decisions of the Pennsylvania Superior Court. The decision of an "'intermediate appellate state court . . . is datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Rolick v. Collins Pine Co.*, 925 F.2d 661, 664 (3d Cir. 1991) (quoting *West v. AT&T Co.*, 311 U.S. 223, 237 (1940)).

Applying this standard, we are constrained to hold that *Phillips* accurately reflects Pennsylvania law. For one thing, *Phillips* is grounded in the relevant Pennsylvania

3

Supreme Court precedent.  The Superior Court in *Phillips* relied heavily on the

Pennsylvania Supreme Court's decision in *Geary v. U.S. Steel Corp.*, 319 A.2d 174 (Pa.

1974), which established at-will employees' rights to sue former employers for wrongful

discharge in violation of public policy.  *Phillips* explained that the Supreme Court's

purpose in *Geary* was "to provide a remedy for employees with no other recourse against

wrongful discharge."  503 A.2d at 37.  Because union employees enjoy *contractual*

protection against discharge without "proper cause" as part of their collective bargaining

agreements, the Superior Court reasoned, the Supreme Court's justification for allowing

at-will employees to sue former employers for wrongful discharge does not extend to

union employees.  *Id.* at 37-38.

*Phillips*'s holding that union employees subject to collective bargaining

agreements may not pursue wrongful discharge claims against former employers also is

well established in Pennsylvania law:  numerous state and federal courts applying

Pennsylvania law have cited *Phillips* to dismiss wrongful discharge claims brought by

union employees.  *See, e.g.*, *Pekar v. U.S. Steel/Edgar Thomson Works*, No. 09-844, 2010

WL 419421, at *9-10 (W.D. Pa. Jan. 29, 2010); *Lohman v. Duryea Borough*, No. 05-

1423, 2007 WL 4260943, at *14-15 (M.D. Pa. Nov. 29, 2007); *Ferrell v. Harvard Indus.*,

No. 00-2707, 2001 WL 1301461, at *10 (E.D. Pa. Oct. 23, 2001); *Harper v. Am. Red

Cross Blood Servs.*, 153 F. Supp. 2d 719, 721 (E.D. Pa. 2001); *Durette v. UGI Corp.*, 674

F. Supp. 1139, 1143 (M.D. Pa. 1987); *Cairns v. SEPTA*, 538 A.2d 659, 660-61 (Pa.

Commw. Ct. 1988); *Ross v. Montour R.R. Co.*, 516 A.2d 29, 32-33 (Pa. Super. Ct. 1986).

Coppola has not presented any persuasive data that undermines the above or otherwise establishes that the Pennsylvania Supreme Court would reach a different result. Coppola does not challenge the *Phillips* court's reasoning or cite any Pennsylvania Supreme Court case that suggests that the Court would be inclined to expand wrongful discharge claims to cover union employees. Instead, she relies on cases from other state courts and the U.S. Supreme Court to argue that (1) union employees' rights to vindicate public policy are "inalienable" and independent of their rights to sue under their collective bargaining agreements; (2) federal law precludes states from denying union employees tort remedies that it allows to non-union employees; and (3) the distinction between at-will and union employees for wrongful discharge claims violates the Equal Protection Clause of the Constitution. All of these arguments are unavailing.

First, the notion that union employees' public policy rights are "inalienable" and must be protected through wrongful discharge claims comes from other states that authorize private wrongful discharge lawsuits as a means of enforcing public policy. *See, e.g.*, *General Dynamics Corp. v. Super. Ct.*, 876 P.2d 487, 497 (Cal. 1994) ("An employee who states a wrongful discharge claim for violation of public policy is provided a remedy in tort not only to compensate the individual plaintiff for the loss of employment but as an indirect means of vindicating fundamental public policy itself."). But wrongful discharge suits do not perform that function in Pennsylvania. As *Phillips* explained, in Pennsylvania, "the wrongful discharge cause of action was never intended to provide a forum to vindicate public policy and punish those who deviate from it." 503 A.2d at 37.

Second, federal law *allows* states to extend wrongful discharge claims to union employees, but does not *require* them to do so. The United States Supreme Court cases in this area have held only that federal labor laws do not pre-empt "independent remedies," including wrongful discharge claims, available to union members "under state law." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 261 (1994); *see also Lingle v. Magic Chef, Inc.*, 486 U.S. 399 (1988). As the District Court correctly pointed out, those cases do not speak to union members' ability to pursue such claims in states, like Pennsylvania, where no state-law remedy exists. *Coppola*, 2009 WL 2707573, at *4.[2]

Coppola's third and final argument, concerning the Equal Protection Clause, was not raised in the parties' summary judgment briefs or addressed by the District Court. The issue also is not well developed in the briefs on appeal. Thus, consistent with our practice, we decline to "address the merits of a constitutional argument for the first time on appeal." *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 73 (3d Cir. 2010).

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2] The other line of United States Supreme Court cases on which Coppola relies, beginning with *Lodge 76, International Ass'n of Machinists v. Wisconsin Employment Relations Commission*, 427 U.S. 132 (1976), does not apply here. Those cases hold that federal labor laws prohibit states from regulating "the free play of economic forces," and specifically forbid states from "imposing additional restrictions on economic weapons of self-help, such as strikes or lockouts." *Golden State Transit Corp. v. City of Los Angeles*, 475 U.S. 608, 614-15 (1986) (internal quotation marks and citations omitted). This case does not concern any restraint that has been imposed on unions' or employers' bargaining practices. Moreover, as a practical matter, Coppola fails to explain how we would apply *Machinists* pre-emption, which typically *invalidates* state regulations, to create a *new* Pennsylvania common-law remedy for union employees.